CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Appellant, v.
WILLIAM ROTH et al., Appellees.

No. 42308.

MAY 15, 1934.

Donnelly, Lynch, Anderson & Lynch, for appellant.

J. B. Tourgee, for appellees.

KINTZINGER, J.—A decree of foreclosure was entered on May 27, 1932, and under a special execution, defendant's farm was sold on June 27, 1932, for $407.59 less than the amount due on the judgment. A receiver, appointed to take possession, leased the property to the defendant for the year ending March 1, 1933. At that time the defendant was ousted from the premises and they were leased to one Ray Nixon for the ensuing year. On March 28, 1933, the defendant filed his application for an extension of the redemption period to March 1, 1935, and for possession as provided in the Mortgage Moratorium Act. Plaintiff filed a resistance to the application upon two grounds, first, that the statute is unconstitutional; and, second, that good cause exists why the relief should not be granted. After a hearing upon the application, the court, on April 10, 1933, upheld the validity of the statute and found that plaintiff failed to show good cause why the period of redemption should not be extended, and thereupon ordered the redemption period and possession extended until March 1, 1935.

I. Plaintiff's first contention is that the statute in question is unconstitutional and void as violating the state and federal constitutions (Constitution Iowa Article I, sections 9, 21; Constitution

U. S. Article I, section 10, subdivision 1; Amendment 14) relating to impairment of contracts and the due process of law. Our ruling on this branch of the case is governed by the recent decision of this court in the case of Des Moines Joint Stock Land Bank of Des Moines v. Nordholm, 217 Iowa 1319, 253 N. W. 701. In that case we upheld the validity of the statute. The reasons for our conclusion are extensively set out therein and we deem it unnecessary to repeat them here. In view of our ruling in that case, it is the opinion of a majority of this court that the moratorium statute, known as chapter 179 of the 45th General Assembly, is constitutional. It is our holding, therefore, that there was no error in the ruling of the lower court upon this branch of the case. The writer of this opinion, together with Chief Justice Claussen, and Justices Stevens and Albert, for the reasons expressed in the dissenting opinions in the Nordholm case, supra, are still of the opinion that the statute in question is unconstitutional and therefore dissent from the ruling of this branch of the case.

II.   Appellant also contends that the court erred in extending the period of redemption and granting defendant the right of possession, upon the ground that good cause was shown for not granting such relief. Section 1 of chapter 179 of the 45th General Assembly provides that in cases where the period of redemption has not expired "upon application of the owner or owners of such real estate, the court shall, *unless upon hearing upon said application good cause is shown to the contrary,* order that no sheriff's deed shall be issued until March 1, 1935, and in the meantime the such owner or owners may redeem such property, and are entitled to possession thereof," etc. (Italics ours.)

It is claimed that under the facts in this case "good cause" was shown for denying the application for extension of the redemption period, and that the court erred in granting the same. The only question for determination is whether or not the defendant has shown that "good cause" existed for not granting the extension of the period of redemption. The burden of showing this negative is upon plaintiff. We believe that plaintiff has failed to meet this burden. An examination of the record shows that the main battle ground in the court below was in the field relating to the constitutionality of the statute. Assuming that the act is constitutional, it cannot be seriously contended that plaintiff has shown any other good cause

for refusing the relief prayed for. The court below found that "good cause" was not shown for denying the extension and possession.

The evidence shows that the land is well improved; that it contains a good house, a barn large enough for a dozen cattle and four or five horses, a garage, a hog house, a chicken house, and a wash house, all of which are in a good state of repair. The testimony shows that the improvements on the place alone are worth more than the amount of the mortgage. The farm contains about 65 acres, and was purchased by the defendant in 1929 for $9,000. At that time he executed a mortgage thereon to the plaintiff for $3,500. Judgment and decree of foreclosure was entered thereon for $3,890. The testimony shows that at one time defendant was offered $12,000 for the property in question. It fairly tends to show that the present reasonable value of the farm is at least $6,500. Aside from the farm mortgage, the defendant is not indebted for more than a few hundred dollars. The purpose and intent of the statute is to afford relief to farmers finding themselves in oppressed and straitened circumstances, due to the existing general financial depression. The defendant has cattle and farm machinery with which he could operate the farm until March 1, 1935.

Since the decree of foreclosure was entered, prices of farm products have materially increased. With a reasonable expectation for a further increase, it is fair to presume that the value of farm lands will also increase to such an extent by the 1st of March, 1935, that the defendant can probably save his farm and avoid suffering the loss of money and labor expended therein. The national government has also made provisions for refinancing farm loans in such a manner that defendant can reasonably expect to arrange for a redemption by March 1, 1935. It is our conclusion that the plaintiff has failed to show good cause for not extending the redemption period. The lower court so found and we see no reason to disturb its finding.

For the reasons hereinabove indicated, judgment and decree of the lower court is affirmed.

The second division of this opinion is concurred in by all Justices. The first division of this opinion is concurred in by Justices KINDIG, EVANS, MITCHELL, ANDERSON, and DONEGAN.