# MARGARET A. YOUNG v. PENN MUTUAL LIFE INSURANCE COMPANY.[1]

October 26, 1934.

No. 30,187.

*Margaret A. Young, pro se.*

*Tryon & Everett,* for respondent.

[1]Reported in 256 N. W. 906.

*HOLT, Justice.*

*Certiorari* to review a denial of the extension to relator of the time to redeem under the provisions of L. 1933, c. 339 (Mason Minn. St. 1934 Supp. §§ 9633-1 to 9633-21).

Relator in 1929 executed to respondent a mortgage upon an apartment building for six families in Minneapolis to secure the payment of $23,000, which mortgage, on account of default therein, was foreclosed on May 17, 1933, when the premises were bid in by respondent for the full amount then due, and taxes paid, plus expenses of foreclosure, to-wit, for the sum of $26,630.77. Since then respondent had paid taxes and insurance, which with interest brought the sum due at the date of hearing to $29,555.19. The reasonable rental value is $100 a month for the five summer months and $125 per month for the remaining months of the year. The court also found that the value of the property at the time of hearing did not exceed $25,000, and that there was no prospect of any substantial increase thereof on or before May 1, 1935. Therefore the application for extension was denied.

There are 18 assignments of error. Many of these are so palpably immaterial to a decision that they will not be discussed. As to the value of the property involved and its income or rental value, it is enough to say that the witnesses for respondent were well qualified to testify on the subject. The dispute between relator and respondent as to the exact amount due on the mortgage debt, including taxes paid, insurance, etc., is unimportant in this proceeding, for it conclusively appears that such amount, in any event, is considerably in excess of the present market value of the property.

Error is assigned upon the reception of the record from the office of the register of deeds of affidavits by the attorney of respondent of the amount of taxes paid on the property subsequent to the foreclosure sale. It is said the tax receipts would be the best evidence. It is enough to point out that 2 Mason Minn. St. 1927, § 9648, permits the holder of the sheriff's certificate to pay subsequent taxes and insurance, and provides for the filing of such affidavits as evidence of the payment thereof. If redemption be made, the amount stated in affidavits so recorded of taxes and insurance paid after the

foreclosure, together with interest thereon, must be paid in addition to the sum named in the sheriff's certificate of sale, and the interest accrued thereon. There is no evidence in this case of the findings in an accounting suit between the parties to this litigation that can be considered. Even if that suit is now pending on appeal in this court, we are not at liberty to examine the record therein as a basis for decision herein.

The court found the rental value. Is the law mandatory that, having found such rental value, the court must grant extension of the period of redemption and fix the amount of the rental value or income which, during the extension, the owner must pay? We think not. The thought in both part one and part two of L. 1933, c. 339, is to grant extensions only where equitable grounds exist. By § 5 of part two, where the homestead is involved, the extension is limited so as not to "substantially * * * impair the value of the contract or obligation of the person against whom relief is sought, without reasonable allowance to justify the exercise of the police power hereby authorized." Section 4 of part one, under which relator proceeds, provides that "the period of redemption may be extended for such additional time as the court may deem just and equitable but in no event beyond May 1, 1935," thereby clearly implying that the time of extension is for the court to decide, and that the applicant is not entitled thereto as a matter of legal right. The court made this finding, in addition to those first above stated, which in part indicates what moved the court to deny extension:

"That said apartment building was built in 1910; that it is not modern, but is divided into large seven-room apartments; that to get the most rental possible therefrom said apartments should be remodeled into small two- or three-room apartments, at an estimated approximate expense of several thousands of dollars; that the total gross income from said premises is $160 per month; that the actual expense of operating and managing the building on said premises is approximately $100 a month or more."

To grant any extension under the situation shown would appear a needless impairment of respondent's contract rights to no possible

advantage to relator. The findings determine that she has no equity to save or protect in the property.

After the writ of *certiorari* was issued herein relator moved for a new trial, which was denied, and the parties stipulated to present the merits of that order for review. In the first place, the procedure for extension is summary and does not contemplate motions for a new trial. Section 6, part one, provides for a speedy trial and requires the court to file its order within five days thereafter, and "no more than five days stay shall be granted and review by the supreme court may be had by *certiorari*, if application for the writ shall be made within 15 days after notice of such order and such writ shall be returnable within 30 days after the filing of such order." In the second place, the writ does not bring up for review any proceedings other than those which preceded and culminated in the order or judgment sought to be reviewed.

The writ is quashed and the order is affirmed.

*STONE, Justice,* took no part.