## FLORA L. MOSSE v. MUTUAL BENEFIT LIFE INSURANCE COMPANY.[1]

February 15, 1935.

No. 30,412.

*Fraser & Fraser,* for relator.

*Alfred E. Rietz* and *J. B. Peterson,* for respondent.

PER CURIAM.

This case comes here upon a writ of *certiorari* to review the action of the trial court in refusing to revise and alter the terms of an extension of time in which to redeem from the foreclosure of a real estate mortgage, which time had been extended by a court order under the provisions of L. 1933, c. 339, § 4, Mason Minn. St. 1934 Supp. § 9633-5, with a provision in the order that the mortgagor should make a payment to the mortgagee on October 1, 1934. That payment was not made, and the notice provided for in the section cited was filed with the clerk of the district court. No

[1]Reported in 259 N. W. 19.

action was taken by the mortgagor until January of the present year, when she applied to the court for a revision and alteration of the terms of the extension under the provisions of L. 1933, c. 339, § 5, Mason Minn. St. 1934 Supp. § 9633-6. Section 9633-5 provides:

"That if such mortgagor * * * shall default in the payments, or any of them, in such order required, * * * his right to redeem from said sale shall terminate 30 days after such default and holders of subsequent liens may redeem in the order and manner now provided by law beginning 30 days after the filing of notice of such default with the clerk of such District Court, and his right to possession shall cease and the party acquiring title to any such real estate shall then be entitled to the immediate possession of said premises."

The trial court rightly considered that it had no jurisdiction under § 9633-6 to revise the terms of the extension agreement after the mortgagor had been in default for more than 30 days. By the terms of the statute title had then passed to the mortgagee. The court had no power to take the title from the mortgagee after it had vested in it. Where default occurs, any action to revise or alter the terms of the extension order must be taken within the 30-day period before title passes under the provisions of the act.

The writ is discharged, and the decision of the trial court is affirmed.