# MARION E. I. RODINE AND ANOTHER v. CHARLES M. DREW.[1]

March 22, 1935.

No. 30,368.

*Olof L. Bruce,* for relators.
*Drew & Cain,* for respondent.

I. M. OLSEN, JUSTICE.

*Certiorari* to review the decision of the trial court denying the petition of Marion E. I. Rodine and Elmer Rodine for relief under L. 1933, c. 339, part 1, § 4, 3 Mason Minn St. 1934 Supp. § 9633-5, being the law permitting the district courts to extend the time for redemption from foreclosure sales under the conditions in said section stated.

Petitioners owned an old two-story frame dwelling house and the two lots on which it is located, at the intersection of Portland avenue and East Lake street in Minneapolis. The respondent, Charles M. Drew, held a second mortgage for $2,500 and interest on this property which he foreclosed on October 30, 1933, and bid

[1]Reported in 259 N. W. 699.

in at the foreclosure sale for the sum of $3,102.38. By petition served on the respondent on October 29, 1934, the petitioners applied to the district court for extension of the time for redemption, which otherwise would expire on the next day, October 30, 1934. A hearing was had before the district court on the petition and evidence taken, and, after hearing the petition and evidence and all matters presented to it, the court made its decision denying the petition and dismissing the proceeding. The court made findings of fact and conclusions of law from which it appears that this property was subject to a first mortgage of $6,500 on which there was default in payment of interest for one year amounting to $390. It further appeared that there were unpaid taxes on the property for the last half of 1931 and for all of the years 1932 and 1933, amounting altogether to $1,116.14, plus penalties on the 1933 tax; that respondent, since the foreclosure of his mortgage, has paid the interest due on the first mortgage and has also paid an insurance premium for insurance upon said premises. The court found that the total encumbrances against the property were in excess of $11,300 and its rental value approximately $50 per month. The income from the property as shown by the findings at $50 per month rental is insufficient to pay taxes, insurance, and interest on the first mortgage. The taxes amount to some $450 a year. It is apparent that if the time to redeem had been extended the result would have been simply to increase the charges standing against the property even if all the rent were applied to the payment of taxes and the interest on the first mortgage. In that situation there would be nothing which the court could require the petitioners to pay over to the respondent, the second mortgagee, out of the income from the property, and, as far as he was concerned, the delay would simply cause charges to pile up against the property, which he had purchased at the mortgage foreclosure sale. The court, in fixing the rental value of the property, was very liberal, as the petitioner Elmer Rodine, in testifying for the petitioners, showed that the only income from the property at the time was $15 per month for the upper floor of the dwelling house; that the petitioners were required to furnish the heat, and during the winter

months the rent only equaled the cost of heating. There is no showing of any reasonable probability that the property will produce income which could be allocated to the holder of the sheriff's certificate. Petitioner Elmer Rodine further showed that the highest rent he had been able to obtain for the property during the past two years was $30 per month and that the first story of the dwelling house was not suitable for residence purposes, having been attempted to be changed into an undertaking establishment, but license for such purpose could not be obtained.

The law in question was not intended to require or permit the court to extend the period of redemption under the circumstances disclosed in the present case, where the holder of the mortgage foreclosure certificate could be granted nothing out of the income from the property but would have to stand by and see the encumbrances and charges pile up against the property during the time of the extension. The court, on the facts as here presented, could not well do anything except deny the petition.

The testimony of petitioner Elmer Rodine as to the value of the property is such that we cannot say that the court erred in finding that its value did not exceed the encumbrances thereon.

The writ of *certiorari* is discharged, and the decision of the trial court is affirmed.