# HERMAN BUTTS AND ANOTHER v. EDWARD TELLETT.[1]

April 5, 1935.

No. 30,461.

*Frank L. King,* for relators.

*Elmer R. Peterson,* for respondent.

JULIUS J. OLSON, JUSTICE.

*Certiorari* to review an order of the trial court dismissing an application for an additional extension of time within which to redeem from a mortgage foreclosure sale.

In 1924 petitioners executed a mortgage to respondent upon their farm in Faribault county. On February 18, 1933, the land was sold to him at foreclosure sale. Time for redemption would have expired February 18, 1934, but within the redemption period petitioners applied to the district court of that county for an order extending the time within which to make redemption pursuant to

[1]Reported in 260 N. W. 308.

3 Mason Minn. St. 1934 Supp. § 9633-3. After hearing duly had, the court granted an extension to February 15, 1935. The extension was conditioned upon performance by petitioners of certain requirements, namely, to deliver to respondent two-fifths of all crops raised during the year 1934 upon the mortgaged premises at elevator to be designated by respondent. They were also to do all the work in raising the crop, furnish all seed, and pay the threshing bills, respondent to pay for shelling his share of the corn. Respecting pasture and hay land, it was provided that they pay respondent four dollars per acre, one-half thereof October 15, 1934, and the remainder January 1, 1935.

On September 29, 1934, petitioners sought to avail themselves of the benefits of the so-called Frazier-Lemke law, § 75(s) of the bankruptcy act [11 USCA, § 203(s)], and duly filed with the conciliation commissioner of Faribault county a petition for such relief as that act was by them hoped to provide. It was their thought that by bringing themselves within that act they would secure more adequate relief than could be had under the state mortgage moratorium act. They failed to comply with the requirements of the moratorium order made by the state court. To avoid the obviously dangerous results naturally and inevitably flowing therefrom, they assert in their brief:

"Appellants contend that immediately upon the filing of their petition in bankruptcy they became subject to and were directly under the jurisdiction of the bankruptcy court and could not, in view of the very intent of the bankruptcy law itself, dispose of their property or pay obligations at their will. Appellants were divested of all title to their property, money and assets and hence it must follow that the performance of any condition or monetary obligation imposed upon the bankrupt by any state or inferior court must be stayed pending the bankruptcy proceeding in the absence of an order of the bankruptcy court to the contrary."

On February 15, 1935, the referee in bankruptcy before whom the bankruptcy proceedings were pending made an order permitting petitioners to apply to the district court of Faribault county for

an extension of time to redeem the foreclosed farm and to report the result. On the same day they made their application for the relief thus authorized. § 9633-6. The application, in form an affidavit, was attached to a notice of motion by its terms made returnable March 6, 1935, before the same judge who originally heard and acted upon their petition for moratorium. The notice and affidavit were served upon respondent's attorney that day. On the return day an order was made (the order here for review) granting respondent's motion to dismiss the proceedings, "it appearing to the court that the time for redemption expired February 15, 1935, and it further appearing * * * that no rental had been paid" to respondent.

We think the order was right. In § 9633-5 it is provided that if the mortgagor "shall default in the payments, or any of them, in such order required, * * * his right to redeem from said sale shall terminate 30 days after such default * * *." That there has been default is conceded. The first cash payment was to be made October 15, 1934, the second January 15, 1935. Neither was complied with, nor was any application made to be relieved therefrom, or either thereof, until the last day as limited by the original moratorium order within which redemption might be made. The excuse offered is unavailable to petitioners because the moratorium act makes no provision whereby such contingency as petitioners brought upon themselves might be met. We cannot make law. Our sole duty is to construe and interpret what the legislative branch of the government has enacted. This court has gone a long way to sustain emergency relief measures. But we cannot nor do we wish to go beyond their obvious limitations. In Mosse v. Mutual B. L. Ins. Co. 193 Minn. 496, 259 N. W. 19, we had occasion to pass upon an almost identical situation. It was there held, and properly, that the court "had no power to revise and alter the terms of the extension order after default had existed for more than 30 days" in respect of a payment provided for in the moratorium order. Petitioners invoked the aid of the state court when they made their application for a moratorium. They secured the relief which the court deemed just and reasonable under the circumstances. No

246

complaint was made regarding same. Petitioners waited until September 29, 1934, only about two weeks before they were required to make the first cash payment, before they made application to the bankruptcy court. No steps were taken or any effort made by the trustee or anyone else acting under the direction of the bankruptcy court to protect petitioners' rights or interests ·in the farm. They waited until the last day within which redemption might be made before seeking additional time. Their only excuse has been quoted above. Under the circumstances related, petitioners are asking for more than is equitable and certainly much more than the moratorium act provides. The loss of their farm is due to their own misguided efforts. We are without power to interfere. Rand v. Sage, 94 Minn. 344, 102 N. W. 864, and Wade v. Major, 36 N. D. 331, 162 N. W. 399, L. R. A. 1917E, 633, cited by petitioners, furnish no assistance.

The writ is discharged and the order of the trial court affirmed.