O. G. NORDMARKEN v. HALVOR EKERAN AND ANOTHER.[1]

April 30, 1935.

No. 30,503.

*Henry Nycklemoe,* for relator.
*Field & Field,* for respondents.

PER CURIAM.

*Certiorari* to review an order of the district court refusing to reëxtend the time for redemption from a certain mortgage foreclosure sale.

The mortgaged land is an 80-acre tract without buildings thereon in Otter Tail county. It was purchased by petitioner from respondents in 1920. There was paid thereon $2,500. The balance of the purchase price, $2,300, was evidenced by the mortgage involved. Foreclosure proceedings were had and the premises bid in by respondents on July 29, 1933, for $2,704.17. On July 28, 1934, petitioner made application to the district court, pursuant to L. 1933, c. 339, 3 Mason Minn. St. 1934 Supp. §§ 9633-1 to 9633-21 (mortgage moratorium act), for an extension of the period of redemption to May 1, 1935. On August 11, 1934, the court made its order extending the period of redemption to March 1, 1935, upon condition that petitioner plow the land before September 25, 1934. This condi-

[1]Reported in 260 N. W. 628.

tion was complied with by the plowing of approximately 75 acres. On February 23, 1935, petitioner served notice of motion and order to show cause returnable February 27, 1935, upon attorneys for respondents. The petitioner in his motion asked:

"That if on said date [February 27, 1935] the present session of the Minnesota legislature has extended the mortgage moratorium act passed in the 1933 legislature from May 1st, 1935, to May 1st, 1937, then for an order of this court extending the period of redemption in the case at bar from the 1st day of March, 1935, to the .1st day of May, 1937, or to such a time as the legislature may see fit to extend the mortgage moratorium act.

"In event that the legislature has not extended the mortgage moratorium law on the 27th day of February, 1935, then for an order of this court extending the period of redemption from the 1st day of March, 1935, to the 1st day of May, 1935."

The matter was considered on its merits, and on March 6, 1935, the court denied petitioner's application. At that time the legislature had not enacted any law authorizing the extension of the period of redemption under mortgage foreclosures beyond the date specified in c. 339. The court in its memorandum, among other things, stated:

"When petitioner made his first application for an order extending the period for redemption the court made an order extending to March 1st, 1935. In making the order extending the period the court gave the petitioner all the relief he was entitled to under the act. The court did not require petitioner to pay any part of the income or rental value of the premises. The court had in mind that during the extended period petitioner might be able to refinance himself and the plowing was required in lieu of the income or rental. The value of the plowing is probably less than the fair cash rental value of the premises. In proceedings under the emergency law the court is called upon to grant such relief as would be equitable and just under the circumstances. Counsel informed the court at the hearing on this motion that the land involved is without buildings. The foreclosure sale was had July

29th, 1933, and the amount of the bid was $2,704.17. The tax records disclose that taxes for 1931, 1932 and 1933 & 1934 amounting to approximately $175.00 are unpaid. The amount of the sale with interest and taxes at this date amount to approximately $3,200.00. This amounts to about $40.00 per acre on land without buildings and if a further extension were granted it would be more. The period was extended to March 1st, 1935. The court considered that at that time the mortgagees were entitled to know whether they were to get the land or whether redemption would be made. Under the new moratorium act the legislature has fixed March 1st, 1937, as the date beyond which no period can be extended. This indicates that the legislature considered that by March first the parties ought to know what their rights are."

The granting of an extension to redeem under c. 339 is not mandatory. The time of extension is for the court to decide. Young v. Penn Mut. L. Ins. Co. 192 Minn. 446, 256 N. W. 906. On the record the court was justified in denying further extension. It did not abuse its discretion in so doing.

Affirmed.