# SIGURD C. HJELTNESS AND ANOTHER v. C. K. JOHNSON.[1]

July 12, 1935.

No. 30,510.

*Eriksson & Eriksson,* for relators.
*Owen V. Thompson,* for respondent.

JULIUS J. OLSON, JUSTICE.

A valid foreclosure sale of the involved premises was had March 21, 1933, so that the statutory year for redemption would have expired March 21, 1934. On February 27, 1934, upon application of petitioners, the court made an order extending the time for redemption to February 1, 1935. Since that time no further exten-

[1]Reported in 262 N. W. 158.

sion has been granted. On January 23, 1935, a petition for further extension of time within which to redeem was made. This matter was returnable and to be heard February 1, 1935. The hearing was continued until February 2 at the request of petitioners' attorneys. On that day they again asked further continuance, assigning as a reason therefor that they were awaiting legislative extension of the moratorium act (L. 1933, c. 339). The court, over objection of respondent, continued the matter to March 1, 1935, at that time remarking: "I will continue this matter until the first day of March. By that time * * * at that time there will be definite action taken, and you might as well make up your minds to that effect." On March 2 the court made an order reading: "It is ordered that the relief demanded in said order to show cause and motion be, and the same is hereby in all things denied, and said order to show cause is hereby discharged, vacated and set aside." That order was filed March 4 and notice thereof served March 23, 1935. On March 15, 1935, L. 1935, c. 47, was approved by the governor. By its terms the provisions of L. 1933, c. 339, are extended until March 1, 1937. Thereafter, as stated in petitioners' brief:

"On March 21, 1935, Judge Nye, for the Court, signed an order to show cause returnable on April 8, 1935, on a notice of motion and verified petition, asking that the order of March 2, 1935, be vacated and set aside; for leave to renew their application for an extension of time to redeem from the mortgage above referred to, for an order granting the petitioners the right to file an amended petition so as to take advantage of the extending Act, then the law of this State, and under which, if passed, the petitioners had always intended to proceed and the probability of the passing of which constituted the reason for a continuance of the hearing set down for February 2, 1935, and justifying the granting of the motion for such continuance."

That hearing was continued until April 13, 1935, at which time the court made an order denying petitioners any relief and discharging the order to show cause. On April 25 *certiorari* issued out of this court to review the orders of March 2 and April 13.

When relators sought further extension of time in their petition of January 23, 1935, they did so pursuant to L. 1933, c. 339, part 1, § 5, 3 Mason Minn. St. 1934 Supp. § 9633-6, which provides that either party "prior to the expiration of the extended period of redemption" may have a previously made order revised and altered "in such manner as the changed circumstances and conditions may require." Another thing to be noted here is the fact that there has been no review by appeal or *certiorari* of the order of March 2 prior to the application heretofore mentioned for a writ of *certiorari*. It is obvious that the application for the writ came too late to be within the 15-day limitation fixed by § 9633-7. This was definitely determined in Young v. Penn Mut. L. Ins. Co. 192 Minn. 446, 449, 256 N. W. 906. We there held that "the procedure for extension is summary and does not contemplate motions for a new trial." In Mosse v. Mutual Benefit L. Ins. Co. 193 Minn. 496, 259 N. W. 19, we held that the court had no power to revise or alter the terms of an extension order after default had existed in the payment of sums ordered to be paid more than 30 days prior to the extended period. That rule was later followed in Koerber v. Thompson, 194 Minn. 654, 260 N. W. 353, and in Butts v. Tellett, 194 Minn. 243, 260 N. W. 308. In Nordmarken v. Ekeran, 194 Minn. 389, 260 N. W. 628, we held that the matter of granting additional time for redemption was discretionary with the trial court.

Petitioners' title to the foreclosed premises passed to the purchaser (respondent here) at the foreclosure sale not later than March 4, 1935, that being the date of the filing of the order of March 2, 1935. The remedial act (L. 1935, c. 47) cannot possibly give life to that which was theretofore a foreclosed right, a right that had ripened into a fee simple title in respondent. True, petitioners had the right to review that order by *certiorari*. That right had expired when the application was made here for the writ. So that order stands immune to attack. To read into the 1935 act the tolling of the prior statute would be "nothing short of an attempt arbitrarily to take property from one having a perfect title and to subject it to an extinguished claim of another." Stewart v. Keyes, 295 U. S. 403, 417, 55 S. Ct. 807, 813, 79 L. ed. 1507.

It follows that the writ must be discharged and the orders here sought to be reviewed affirmed.

So ordered.

DEVANEY, CHIEF JUSTICE (dissenting).

L. 1933, c. 339, part 1, § 6, provides in part:

"The trial of any action, hearing or proceeding mentioned in this act shall be held within 30 days after the filing by either party of notice of hearing or trial, as the case may be, and such hearing or trial may be held at any general or special term, or in chambers, or during vacation of the court, and the order of the court shall be filed within 5 days after trial or hearing, no more than 5 days stay shall be granted and review by the Supreme Court may be had by certiorari, if application for the writ shall be made within 15 days after notice of such order and such writ shall be returnable within 30 days after the filing of such order."

Under this law petitioners had 15 days after the service of notice on them that the order of March 4 had been made and entered within which to bring the proceedings to this court for review. By the time respondent served them with this notice (March 23, 1935), the new law extending L. 1933, c. 339, for a two-year period had been in effect for several days. The new law, L. 1935, c. 47, provides:

"Sec. 4. * * * the time of redemption from any real estate mortgage foreclosure * * * which otherwise would expire less than 30 days after the passage and approval of this act, shall be and the same hereby is extended to a date 30 days after the passage and approval of this act, and * * * the mortgagor * * * may, prior to such date, apply to said court for and the court may thereupon grant the relief as hereinbefore and in this section provided. * * *

"Sec. 8(2). The provisions of this act shall also apply to mortgage foreclosures wherein the district court has previously postponed the sale or granted one or more extensions of the time for redemption."

In this case the period of redemption had not expired at the time of the passage of the new act. Under the 1933 act, once application was made to the court, the running of the period of redemption was tolled until the court had heard and determined the matter. The only reasonable interpretation of this provision requires a holding that in the situation where the court's decision is adverse to the petitioning mortgagor the running of the redemption period is tolled until the proceedings have been reviewed by this court or until the time has elapsed within which such review can be had. In the case at bar the time within which petitioners could obtain a review in this court from the order of March 4, 1935, had not commenced to run at the time the new act was passed because no notice of the entry of the order of March 4 had been served on petitioners. Consequently, they had 30 days from and after the passage of the new 1935 act before the period of redemption expired. Within this time (March 21, 1935), they applied to the court under the new act for another extension of the time within which to redeem. The court refused to hear them on this application and dismissed the matter without taking evidence. This, I think, was error for reasons above pointed out. Petitioners were within their rights and were entitled to have the matter heard. I do not think that petitioners are entitled as a matter of right to an extension of the period of redemption. This goes to the merits and is for the trial court to determine. I think that petitioners are entitled to a hearing on the matter and that the district court, having jurisdiction, should grant them the same.