FIRST NATIONAL BANK OF SHAKOPEE AND ANOTHER v. JOHN J. HAMMILL, JR. AND OTHERS.[1]

July 19, 1935.

No. 30,477.

[1]Reported in 262 N. W. 160.

E. F. Matthews, for relator.
Coller & Coller, for respondents.

HILTON, JUSTICE.

Certiorari to review an order of the district court denying the petition of relator for an extension of the time within which to redeem certain real estate sold upon execution sale to satisfy a judgment.

On August 26, 1930, a judgment for $3,616.18 in favor of the First National Bank of Shakopee and against defendants was duly entered and docketed. Subsequently an undivided one-half interest in the judgment was assigned to Prior Lake State Bank. On February 10, 1934, the real estate in question was sold for $4,416.36 to satisfy the judgment, interest, and costs, and the certificate of sale issued to the two banks above mentioned. John J. Hammill, Jr., one of the defendants in the action which resulted in the judgment, pursuant to L. 1933, c. 339, 3 Mason Minn. St. 1934 Supp. §§ 9633-1 to 9633-21, petitioned the court for an extension of time within which to redeem, which petition was, as above stated, denied.

The land involved is a tract of about 107 acres in Scott county. As far as appears from the record, there are no buildings thereon. Part of it is divided into nine lots bordering on Prior Lake. Relator placed the value of the lots at $300 each, 40 acres at $60 an acre, and the balance of about 64 acres at $75 an acre; a total of $9,900. He estimated the rental value of the whole tract at $294 a year. The cashier of respondent First National Bank of Shakopee estimated its value at $3,500 and in an affidavit stated that the respondents would be willing to accept that amount in full settlement of the judgment. From the record it does not appear how much of the land is under or fit for cultivation. There is no timber

on it except on the nine lake lots. A witness for relator testified that he would be willing to rent the land for the year 1935 at approximately two dollars an acre for 67 acres and three dollars an acre for 40 acres, a total of $254. Whether he or anyone else would rent it thereafter or would be able to pay the rental does not appear. Nor is it shown that relator would be financially able to pay the taxes and interest, or to redeem if an extension was granted. At the time of the trial he was employed in St. Paul by the Public Works Administration at a salary of $21 a week, which he stated was barely sufficient to provide the necessities for himself and family.

The granting of an extension to redeem under L. 1933, c. 339, is not mandatory. Whether it should be extended, and the period of such extension, is for the court to determine according to the equities of the parties. Young v. Penn Mut. L. Ins. Co. 192 Minn. 446, 256 N. W. 906; Nordmarken v. Ekeran, 194 Minn. 389, 260 N. W. 628; Blaisdell v. Home B. & L. Assn. 189 Minn. 422, 249 N. W. 334, 86 A. L. R. 1507; affirmed 290 U. S. 398, 54 S. Ct. 231, 78 L. ed. 413, 88 A. L. R. 1481. Under the facts here, the court could well find that a granting of an extension of time to redeem would impair the contract rights of respondents without giving relator any substantial benefit. The court did not abuse its discretion in denying the petition.

Affirmed.