# NATIONAL BANK OF AITKIN v. M. F. SHOWELL.[1]

October 18, 1935.

No. 30,537.

*Hugh Young* and *Marshall S. Snyder,* for relator.
*John T. Galarneault,* for respondent.

HILTON, JUSTICE.

*Certiorari* to review the granting to petitioner of a second extension of the time within which to redeem from a real estate mortgage foreclosure sale under the provisions of L. 1935, c. 47.

In 1931 the petitioner executed to relator a mortgage upon a bank building located in the county of Aitkin to secure an indebtedness of $10,000. In 1933 the mortgage was foreclosed under a

[1]Reported in 262 N. W. 689.

power of sale contained therein, the property being bid in by the relator for $10,458.30, the full amount then due. On June 28, 1934, in response to a petition for relief by the mortgagor (to which the relator filed no answer), an order was made by the district court of Aitkin county extending the time for redemption from said sale to and including May 1, 1935.

On April 16, 1935, petitioner again filed a petition in the same court praying for a further extension of the time within which to redeem. An order was made granting such relief to March 1, 1937, on condition that petitioner pay the mortgagee "on or before May 15, 1935, the sum of $50, and on or before June 1, 1935, the sum of $100, and on or before the first day of each month thereafter, at least the sum of $100.00 per month, to apply on such redemption, and shall make full redemption on or before said March 1, 1937." Further, the petitioner was required to pay the mortgagee all the net income received from the property exceeding the amount of $100 a month and was not to commit or allow waste on the premises. The way was left open for further or supplemental relief if conditions should change so as to warrant it, and should petitioner default in any of the conditions his right to redeem would terminate 30 days after the filing of an order of the court finding such default.

At the time of the filing of the second order the amount necessary to redeem was $12,937.47. Taxes amounting to $758.51 for 1934 were unpaid. The court found the reasonable rental value of the property to be $1,200 per annum. In granting the first extension the court found the value of the property to be $16,000. Testimony at the hearing on the second petition placed the value at sums varying from $8,000 to $18,000.

There are only two assignments of error for our consideration, and they involve the questions: (1) Had petitioner any equity in the property; (2) is the moratorium act (L. 1935, c. 47) constitutional? In its order and findings the lower court states:

"That because of the existing severe financial and economic depression petitioner has been unable to redeem from said foreclosure sale, and the extension herein granted of the time to make such

redemption will leave respondent reasonably secure; and petitioner has an equity of substantial value in said premises."

The record discloses that the conclusions reached by the trial court had sufficient support in the evidence. Young v. Penn Mut. L. Ins. Co. 192 Minn. 446, 256 N. W. 906; First Nat. Bank v. Hammill, 195 Minn. 185, 262 N. W. 160, cited by relator, are not in point for in them the court found that the petitioners had no equity to be protected. Rodine v. Drew, 194 Minn. 121, 259 N. W. 699, is easily distinguishable for in it the holder of the mortgage foreclosure certificate could have been granted no income out of the property but would have had to stand by and see the encumbrances and charges pile up against the property during the time of the extension, whereas in the instant case the order specifically requires that certain monthly payments be made regularly to the mortgagee, thus protecting his interests. Under the conditions of the order here, these payments must be made by the petitioner even though the net income from the property is of a less amount than the payments required to be made.

Relator attacks the constitutionality of the act (L. 1935, c. 47) on the ground that an emergency no longer exists. The question whether such an emergency exists as justifies the exercise of the police power is primarily for the legislature, to whose judgment the court must give due weight. Blaisdell v. Home B. & L. Assn. 189 Minn. 422, 249 N. W. 334, 86 A. L. R. 1507, affirmed 290 U. S. 398, 54 S. Ct. 231, 78 L. ed. 413, 88 A. L. R. 1481. This court is not prepared to say that the legislature was wrong in finding that conditions were such that moratory legislation was necessary in 1935.

Affirmed.