JOSEPH ALTHOFF v. WILLIAM H. BOLAND.[1]

December 6, 1935.

No. 30,517.

*Ludwig O. Solem*, for relator.
*S. A. Johnson*, for respondent.

HILTON, JUSTICE.

*Certiorari* to review an order of the district court denying an extension of the time within which to redeem from a real estate mortgage foreclosure sale under L. 1935, c. 47 (moratorium act). The proceedings were commenced March 15, 1935.

The property involved was a 200-acre improved farm, of which 18 acres were useless for farming purposes because of having been burned over by a peat fire. The lower court properly found the value of the farm to be $18,000. Three mortgages were outstanding against the property, a first mortgage for $10,000, long past due; a second one, here involved, which was foreclosed on March 17, 1934, and the property bid in by respondent for $4,497.45, the amount then due and owing; a third mortgage for $1,600. Relator testified that the mortgagee was willing to release the obligation under the third mortgage. The aggregate lien charges against the premises, exclusive of the third mortgage and $222.42 current taxes, were over $15,700. Yearly fixed charges are $500 interest on the first mortgage; taxes $222.42; interest on sheriff's certificate $375.80, which was past due. Allowing nothing for repairs, insurance, etc.,

[1] Reported in 263 N. W. 797.

and not taking cognizance of the third mortgage, these charges run well over $1,000.

Relator receives $50 monthly. disability compensation. He is physically unable to do his own farm work, and help must be hired therefor. He had but little livestock; two cows, six pigs, and no horses. The buildings on the farm were not in the best of condition although usable. A mortgage on the farm machinery was in default. Respondent for years had been paying all taxes and the interest on the first mortgage. He financed all seeding, raising, and gathering of the 1934 crop on the farm, for which he took a chattel mortgage on the prospective crop. The trial court found:

"That petitioner [relator] refused to permit the gathering of the ear corn and respondent to save same from being destroyed by weather was forced to legal proceedings to gather said crop and save it, that respondent succeeded in thus saving over a thousand bushels of ear corn; that petitioner's conduct is strongly inimical to both his best interest and those of respondent."

The situation was one that should not be allowed to continue. Relator had no money with which to meet any payments on the first mortgage and no prospects of getting money therefor except that which might be realized from the 1935 crops. He had no money to finance the planting or raising of the 1935 crop. An application for a loan on the farm was refused by the Federal Land Bank.

Assigned as error is the failure of the trial court to make a specific finding as to the reasonable rental value of the property. Relator contends that § 5 of the moratorium act (L. 1935, c. 47) requires such a finding. The testimony as to the reasonable rental value placed it at four to five dollars an acre. Relator himself placed it at four dollars and in his proposed amended findings asked that it be placed at $4.50 an acre. Taking the highest figure and not excluding the land rendered useless by the peat fire, the total rental value would be $1,000. Under the evidence the trial court of necessity would have been obliged to place the rental value at not to exceed five dollars an acre. O'Leary v. Wangensteen, 175 Minn.

368, 221 N. W. 430. The amount that would be realized at that rate, the one most favorable to relator, would not even care for the fixed charges. It would serve no useful purpose to remand the case, as requested by relator, merely to have such a specific finding made.

The order of the trial court unquestionably was the only one that properly could have been made.

Affirmed.