HAROLD N. FALK v. MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY.[1]

January 31, 1936.

No. 30,710.

[1]Reported in 265 N. W. 60.

342

*Jesse Van Valkenburg* and *Horace Van Valkenburg,* for relator.
*Thompson, Hessian & Fletcher,* for respondent.

I. M. OLSEN, JUSTICE.

*Certiorari* to review an order of the district court granting to the plaintiff an extension of time to redeem from a mortgage foreclosure sale under the moratorium law, L. 1935, c. 47.

Defendant, the mortgagee, contends that the order is not warranted and not sustained by the evidence. The building in question is a substantial two-story business building some 71 by 109 feet in extent, located in a business section in what is known as the east or southeast part of the city of Minneapolis. The first floor is rented out by plaintiff for stores and the second floor for offices. At the time of the hearing on plaintiff's application for extension of time to redeem, August 9, 1935, the rentals received amounted to about $415 per month, or about $5,000 per year. The cost of running the building, including taxes, amounts to about $4,000 per year. The taxes amount to about $1,800 per year. The value of

the building and the grounds upon which it is located is variously estimated by the witnesses to be from $85,000 to $100,000. Plaintiff, in September, 1923, gave the defendant a mortgage for $65,000 on the property. The mortgage called for payments of $2,000 in September, 1926, and each year thereafter up to 1931, inclusive, and the balance of $51,000 in September, 1932. The interest was five and one-half per cent per annum. Plaintiff made the two first $2,000 payments, reducing the principal to $61,000. No further payments on principal have been made. Interest is in default since September, 1931. Taxes since 1929 have been paid by the defendant, mortgagee. Some insurance on the building also has been paid by the defendant. The mortgage was foreclosed and the property bid in by defendant July 23, 1934, for $76,937.05, being the total amount then due and costs of foreclosure. At the time of the hearing, August 9, 1935, further taxes and insurance had been paid by defendant, so that, with interest to that date, the total amount required to redeem amounted to $83,846.93.

Plaintiff based his application for extension of time on the grounds that he had some remaining equity in the property; that real estate values were improving and the market for real estate getting better; that, if granted additional time, he might be able to sell the property so as to get something for his equity. It is further here claimed that the property is of sufficient value so that, by the payment provision contained in the order here for review, the defendant will suffer no loss in the event of no redemption being made within the time limited by the order. By the order made the court found that plaintiff had an equity of redemption in the property and that $300 per month was a reasonable sum for plaintiff to pay to defendant during the time granted. It then extended the time to redeem to June 1, 1936, on condition that plaintiff pay to defendant the sum of $300 on August 23, 1934, and monthly thereafter until and including May 23, 1936, to be applied toward accruing interest, taxes, insurance premiums, and mortgage indebtedness. Defendant's computation shows that, applying these monthly payments on accruing taxes and insurance premiums, there will be left

for payment of interest on the indebtedness about 1.21 per cent, and nothing to apply on mortgage indebtedness.

It appears to be conceded that at the time of the hearing there was no market for this property at any figure which would pay the indebtedness owing to the defendant or leave anything for plaintiff. Plaintiff further concedes that the indebtedness could not be refinanced on this property and suggests no other means of so doing. The court did not make any finding as to the value of the property or as to the value of plaintiff's equity therein over and above the amount owing to the defendant. The evidence is sufficient to justify the court in concluding that plaintiff's equity was of substantial value.

■ The question whether the evidence warrants or sustains the order of the court extending the redemption period is close. Our attention is called to the cases of Young v. Penn Mut. L. Ins. Co. 192 Minn. 446, 256 N. W. 906; Rodine v. Drew, 194 Minn. 121, 259 N. W. 699; First Nat. Bank v. Hammill, 195 Minn. 185, 262 N. W. 160. In these cases the trial court had denied the application to extend the redemption period, and there was an affirmance here. These cases are not decisive of the issue before us for the reason that the granting of relief is to some extent a matter of discretion for the trial court, and a decision of the trial court either way might be sustained here. The cases of Petters & Co. v. Jefferson County Bank, 195 Minn. 497, 263 N. W. 453, and Althoff v. Boland, 195 Minn. 541, 263 N. W. 797, are likewise cases where the trial court had denied relief and this court affirmed the trial court.

■ In Home B. & L. Assn. v. Blaisdell, 290 U. S. 398, 425, 54 S. Ct. 231, 235, 78 L. ed. 413, 421, 88 A. L. R. 1481, the Federal Supreme Court, in sustaining the earlier moratorium statute of our state, said:

"The statute does not impair the integrity of the mortgage indebtedness. The obligation for interest remains. The statute does not affect the validity of the sale or the right of a mortgagee-purchaser to title in fee, or his right to obtain a deficiency judgment, if the mortgagor fails to redeem within the prescribed period. Aside

from the extension of time, the other conditions of redemption are unaltered. While the mortgagor remains in possession he must pay the rental value as that value has been determined, upon notice and hearing, by the court. The rental value so paid is devoted to the carrying of the property by the application of the required payments to taxes, insurance, and interest on the mortgage indebtedness. While the mortgagee-purchaser is debarred from actual possession, he has, so far as rental value is concerned, the equivalent of possession during the extended period."

While no constitutional question is involved in our present case, this holding of the Federal Supreme Court furnishes some guide as to the limitations on the granting of relief in these cases.

When the Blaisdell case was before this court, reported in 189 Minn. 422, 433, 249 N. W. 334, 338, 86 A. L. R. 1507, Chief Justice Wilson, in his concurring opinion, said:

"This statute subjects the mortgagee to the rules of equity, but it also exacts equity in turn from the mortgagor as a condition under which he may have a longer time in which to redeem. If the mortgagor gets an extension of time in which to redeem he is required substantially to protect the mortgagee from loss by reason thereof. This he ought to do."

■ We have held that where the mortgagor has no equity of any material value in the property no extension of time to redeem should ordinarily be granted. Young v. Penn Mut. L. Ins. Co. 192 Minn. 446, 256 N. W. 906; First Nat. Bank v. Hammill, 195 Minn. 185, 262 N. W. 160; Bukowski v. Travelers Ins. Co. 196 Minn. 31, 264 N. W. 217; and that where there is no material amount of rent or rental value which can be applied in payment of accruing interest and taxes, so that additional charges will pile up against the property without prospect of payment by the mortgagor, extension of time should not be granted. Rodine v. Drew, 194 Minn. 121, 259 N. W. 699.

■ The situation here presented is substantially as follows: There is no present market for the property. The indebtedness owing thereon cannot be refinanced on the property no matter who the

owner is. Plaintiff has an equity of material value in the property. The gross rental income from the property at present is about $5,000 per year. The operating expense for janitor service, fuel, water, light, and incidentals is about $2,000 per year, leaving a net rental income of about $3,000. By the court's order, plaintiff is required to pay to defendant $300 per month, or at the rate of $3,600 per year, and, while in possession, plaintiff must pay the operating expense. Out of the payments to be made to defendant, the accruing taxes and insurance premiums must be paid. This leaves a balance, which, according to defendant's computation, will pay interest on the indebtedness at a rate of 1.21 per cent only. We accept defendant's computation as to what interest it would receive from the payments made. However, under existing conditions, defendant, if it had been granted possession of the property on August 1, 1934, could not, so far as appears, have disposed of the property so as to get its indebtedness paid and would have had to operate the property. There is nothing to show that it could have realized any greater net income therefrom, over and above operating expenses, than at the rate of $3,000 per year. By the court's order it is to receive payments at the rate of $3,600 per year, which apparently leaves defendant in as good or a somewhat better condition than if it were in possession. As stated in the quotation from the Blaisdell case [290 U. S. 425]:

"While the mortgagee-purchaser is debarred from actual possession, he has, so far as rental value is concerned, the equivalent of possession during the extended period."

In view of this situation and of the short period of extension here granted, we cannot say that the court exceeded its reasonable discretion in granting the extension.

Order affirmed.