EQUITABLE LIFE ASSURANCE SOCIETY of the United States, Plaintiff, Appellant, v. I. N. KIRBY et al., Defendants, Appellees, A. B. SNYDER, Intervenor, Appellee.

No. 43144.

APRIL 7, 1936.

Whitney, Whitney & Stern, and Boyce, Warren & Fairbank, for appellant.

Lovrien & Wilson, for appellees J. P. Winters, G. B. Snyder, Amelia A. Snyder, and A. B. Snyder.

HAMILTON, J.—The record in this case clearly shows without dispute that J. P. Winters, appellee and record titleholder, at whose instance the trial court granted an extension of the period of redemption to March 1, 1937, obtained title to the real

estate purely for speculative purposes, long after the moratorium statutes were in force. He was by occupation secretary to a doctor located at Storm Lake, Iowa. He swapped some South Dakota land, the value of which is an unknown quantity, for the 300-acre farm in question in Clay county, Iowa, prior to the time this foreclosure suit was commenced. On the same day that he obtained the deed from the then titleholder, he executed a lease to said grantor, leasing him the premises for two years for the total rental of $2,100 in cash, paid in advance, as he claims, and on the same day assigned the lease to the intervener, A. B. Snyder. The $24,000 mortgage upon these premises was executed May 1, 1924, by I. N. Kirby and wife. This foreclosure suit was commenced on March 30, 1934. On May 16, 1934, Winters filed a motion for continuance until March 1, 1935, but in view of the fact that he had leased the premises for the year beginning March 1, 1934, to March 1, 1935, and had collected the rent in advance and refused to permit or consent to any portion thereof being applied upon the taxes, insurance, and upkeep or interest due on the mortgage, the trial court refused the continuance, and decree of foreclosure was granted on May 28, 1934, and the property sold under special execution July 5, 1934; the plaintiff being the purchaser, bidding therefor $27,081.54, being the full amount of judgment, interest, and costs. It will thus be seen that the period of redemption would expire under this sale on July 5, 1935.

On February 21, 1935, Winters filed an application for extension of the period of redemption to March 1, 1937, to which plaintiff filed a resistance. It is alleged by plaintiff in the resistance to the motion for extension that Winters and the intervener, Snyder, had been for some time engaged in "lease scalping"; that is, purchasing the naked legal title in farms heavily mortgaged, for the purpose of leasing the same and assigning the leases, and thereby defeating the mortgagee in his effort to recover the rents secondarily pledged as security for the debt, and upon the hearing there was evidence to substantiate this allegation, and the transaction whereby Winters became the titleholder of the land in question bears all the earmarks of being just such a transaction.

In the case of First Trust Joint Stock Land Bank of Chicago, Illinois, v. Wylie, 221 Iowa 27, 30, 265 N. W. 181, 183, we said:

"Manifestly, the moratorium statute was never intended for mere delay or for the purpose of enabling the owners of the real estate to profit by speculation."

And again in Connecticut General Life Insurance Company v. Roth, 218 Iowa 251, 254, 254 N. W. 918, 919, we said:

"The purpose and intent of the statute is to afford relief to farmers finding themselves in oppressed and straitened circumstances, due to the existing general financial depression."

And in Butenschoen v. Frye, 219 Iowa 570, 258 N. W. 769, we said:

"The motion is addressed to a court of equity and good conscience for relief and succor by one, who, because of the emergency, and because of the terms and conditions of his contract with the creditor, is unable to prevent the immediate sale and sacrifice of the security pledged for the debt.

"It is an axiom of equity that he who seeks equity must do equity."

And in the case of Federal Land Bank v. Wilmarth, 218 Iowa 339, at page 354, 252 N. W. 507, 514, 94 A. L. R. 1338, we said:

"The purpose of the statute is to afford the owner of the land an opportunity to refinance or pay up the indebtedness and save his farm within the moratorium period."

And in the case of Reed v. Snow, 218 Iowa 1165, 1168, 254 N. W. 800, 801, we said:

"We think the purpose of the statute was for the relief of debtors who were in financial distress and where there was a possibility of their being able to save their property within the time provided by the statute. However, the purpose and intent of this act, as we view it, was not to give this relief to those owners of property who are hopelessly insolvent and there could be no possible hope for them in the future. As suggested heretofore, this is not a case of saving a homestead or a home to these parties," etc.

In this case Winters traded for this farm after the emergency statutes were enacted, for speculative purposes only. He testified he had no intention of moving on the premises; that he

traded for it to make some money. There is not a scintilla of evidence that he ever expects or intends to redeem. There is no evidence that he is in distress or straitened circumstances. There is no evidence that there is any equity above the indebtedness. The price paid by plaintiff at execution sale and what may be inferred from the evidence as to rental value is all the record shows as to the value of this farm. The court makes no finding as to the value of the real estate or the probability of the owner being in a position to redeem or dispose of the farm within the period of the moratorium. Manifestly, the moratorium statutes have no application to the situation presented by this record. The motion for extension should have been denied as not presenting a proper case for the application of the moratorium statutes. The record may present a case which, in a sense, comes within the letter of the law, but it certainly does not come within the spirit and intent of the law. We do not by this mean to hold that a purchaser in good faith after the moratorium statutes were enacted may not invoke the provisions of such statutes, but what we do hold is that, where it affirmatively appears, as in this case, that the transaction was purely for speculative purposes, made for the purpose of scalping the rents, the moratorium statutes have no application, and this in itself is "good cause", within the meaning of the term as used in the moratorium statutes, for refusing an extension of the period of redemption.

The order of the trial court is reversed, and the cause remanded for order in harmony with this opinion.—Reversed and remanded.

DONEGAN, C. J., and ANDERSON, KINTZINGER, STIGER, MITCHELL, PARSONS, and ALBERT, JJ., concur.