MUTUAL BUILDING & SAVINGS ASSOCIATION, Appellant, vs. WILLING and wife, Respondents.

*April 27—June 2, 1936.*

For the appellant there were briefs by *Lilian M. Kohlmetz,* and oral argument by *Miss Kohlmetz* and *Miss Catherine O'Hara,* both of Milwaukee.

For the respondents there was a brief by *Lecher, Michael, Whyte & Spohn,* and oral argument by *Herman E. Friedrich,* all of Milwaukee.

WICKHEM, J.  On August 11, 1930, defendants applied for and received a loan from plaintiff in the sum of $8,500 secured by mortgage on certain real estate which consisted of a lot with a two-family residence and a two-car garage.  Defendants have been in default in interest from November 1, 1932, and the accumulated defaults in interest up to the date of the trial, which was on July 12, 1934, amounted to $1,040. During the period from the date of the loan to the date of the judgment, defendants paid upon the principal the sum of $510, which, together with dividends, entitled defendants to a total credit of $565.09.  On the date of the judgment the 1931, 1932, and 1933 taxes were all unpaid, and without interest or penalties aggregated $1,055.  Shortly after the service of the summons and complaint a receiver was appointed

to collect the rent of the upper flat. During all this period defendants have occupied the lower flat. Judgment was entered on August 21, 1934, in the sum of $9,285.82, granting a period of fourteen months for redemption, subject to ch. 11, Laws of 1933.

The order to show cause why the period of redemption should not be extended was signed by the court on October 30, 1935. It was based on an affidavit by the defendant, George P. Willing, to the effect that defendants paid for said premises the sum of $15,500; that the property is assessed for the purposes of taxation at $8,400; on information and belief that this is a seventy per cent assessment, making a total value for assessment purposes of $12,000; that this sum is greatly in excess of the amount of plaintiff's claim in full, and that defendants have a substantial equity in the premises; that affiant has been without work for a number of years, and has only recently obtained employment for a remuneration sufficient only to maintain life, and is wholly unable to raise other funds except those now collected by the receiver. Attached to the moving papers was an affidavit by one Schumann appraising the property at $12,666. The taxes outstanding at the time of the hearing of the motion amounted to $1,447.55.

The first contention of plaintiff is that under sec. 281.209, Stats., which requires that application for extension of the period of redemption be made prior to the expiration of such period, the motion of defendant came too late to confer jurisdiction upon the trial court, since it was made more than fourteen months after the entry of judgment.

We think there is no merit to this contention. Sec. 278.13, Stats., provides:

"The mortgagor, his heirs, personal representatives or assigns may redeem the mortgaged premises . . . at any time before the sale. . . ."

It is clear enough that no sale had occurred, and it follows that the period of redemption had not expired.

The more serious question arises out of the terms of sec. 281.209. It is there provided, with reference to mortgages upon homes, that where the period of redemption has not expired—

"the period of redemption may be extended for such additional time as the court may deem just and equitable but in no event beyond April 1, 1938; provided that the mortgagor, or the owner of said property, in the case of mortgage foreclosure proceedings . . . shall prior to the expiration of the period of redemption, apply to the court having jurisdiction of the matter, on not less than ten days' written notice to the mortgagee . . . for an order·determining the reasonable value of the income on said property, or, if the property has no income, then the reasonable rental value of the property involved in such sale, and directing and requiring such mortgagor, owner or judgment debtor to pay all or a reasonable part of such income or rental value, in or toward the payment of taxes, insurance, interest, mortgage or judgment indebtedness at such times and in such manner as shall be fixed and determined and ordered by the court."

Sec. 281.209 does not prescribe, as did sec. 278.106 (involved in *Banking Comm. v. Wutschel,* 219 Wis. 332, 263 N. W. 182), that taxes or interest, or both, be paid as a condition to extension. It does, however, require that there be an application to the court to fix the reasonable rental value and order all or a reasonable part of it to be applied to taxes, insurance, interest, etc. It is provided that—

"the court shall thereupon hear said application and after such hearing shall make and file its order directing the payment by such mortgagor, owner or judgment debtor, of such an amount . . . as to the court shall, under all the circumstances, appear just and equitable."

It will be noted that the calls of the statute are for an application to determine the rental value, a hearing and determination in response thereto, and an order directing the pay-

ment of such an amount as appears to the court to be just and equitable.

We are satisfied that the proceedings here taken do not discharge the statutory requirements. The affidavit and order to show cause do not constitute an application to the court to fix the rental value and to order it or a reasonable part of it paid as directed by the statute, although this may be passed over as an inartificial attempt to comply with the statute, at least in the absence of any timely objection by plaintiff. In addition, the statute contemplates a hearing in which evidence is heard or the facts are stipulated, culminating in a finding as to the rental value and all such facts as bear upon the amount which should justly and equitably be paid by the mortgagor. The constitutional rights of the mortgagee are involved, and they cannot be disposed of on affidavits and argument of counsel without impairing the rights of the mortgagee to due process. Nor does such a proceeding furnish any record upon which a review of the order may be had. While statutes of this character should be liberally construed to accomplish their beneficent purposes, their validity under the constitution is dependent upon their taking due and proper account of the constitutional rights of the mortgagee. There should be a hearing and evidence adduced or the facts stipulated with reference to the reasonable rental value and the portion of it that should justly and equitably be ordered paid upon taxes, insurance, interest, etc.

There is a suggestion by the plaintiff that the statute is unconstitutional. We think this position cannot be sustained. A Minnesota statute substantially similar in provisions was sustained by the case of *Home Building & Loan Asso. v. Blaisdell,* 290 U. S. 398, 54 Sup. Ct. 231. We see no reason why this statute is not sustainable upon the same basis. The fact that less than all of the rental value may in the discretion of the court be ordered paid does not impair the validity of the statute. There are many situations in which the trial

court may order less than all of the rental value paid, and at the same time properly take into account the rights of the mortgagee. The judgment of the court in this respect should properly be affected by the extent of the mortgagor's equity and of his defaults, the prospects of refinancing, the condition of the premises, the need for protecting the property from tax liens, and other considerations. Since these matters will present themselves in a multitude of forms, no fixed rule can be laid down other than the very general rule that the rights of the mortgagee must reasonably be taken into account, and an order issue that will be just and equitable to him as well as the mortgagor. In connection with this, see *Butenschoen v. Frye,* 219 Iowa, 570, 258 N. W. 769; *Butts v. Tillett,* 194 Minn. 243, 260 N. W. 308; *First Nat'l Bank of Shakopee v. Hammill* (Minn. 1935), 262 N. W. 160; *Erickson v. Hansen,* 129 Neb. 806, 263 N. W. 132; *Connecticut Gen. L. Ins. Co. v. Roth,* 218 Iowa, 251, 254 N. W. 918; *Nordmarken v. Ekeran,* 194 Minn. 389, 260 N. W. 629; *Prudential Ins. Co. v. Brennan,* 218 Iowa, 666, 252 N. W. 497; 21 Iowa Law Bulletin, 639; 4 Minn. Law Rev. 353.

There having been no hearing or determination as directed by the statute, it follows that the order must be reversed.

*By the Court.*—Order reversed, and cause remanded for further proceedings in accordance with this opinion.

FRITZ, J., took no part.