## THATCHER BLAKE vs. JOHN McKUSICK.

The defendant having mortgaged to the plaintiff certain land, the plaintiff foreclosed the mortgage. The plaintiff afterward, supposing the mortgage sale to be void or irregular, commenced an action to have it set aside and a resale ordered: The defendant appeared in the action and prayed that the sale might not be set aside, and offered to quit-claim to plaintiff his interest in the premises. On his filing said quit-claim deed, the Court refused to set aside the deed. *Held*— that said sale having been confirmed at the instance of defendant, he can not now be heard to deny its validity, and that the plaintiff may maintain an action for the balance due on the notes secured by said mortgage.

This was an action brought by Blake against McKusick to recover a balance due on a promissory note. Issue was joined in the action, and the same was tried at the District Court in Washington County at the November Term, 1863, by the Court, without a jury. The following are the facts as found by the Court: That McKusick made, executed and delivered to Blake the promissory note mentioned in the complaint, which was secured by a mortgage containing the usual power of sale, duly executed by said McKusick and wife to Blake, on certain real estate in Washington County. Default having been made in the conditions of the mortgage, the plaintiff proceeded to foreclose the same by advertisement pursuant to statute. The mortgaged premises were sold on the 20th November, 1860, and bid off by the plaintiff, and the affidavits of publication of notice and of the sale, were filed for record in the proper county on the 21st November, 1860, and the proceeds of said sale were endorsed on said note, leaving a balance due thereon. There was a defect in the proceeding for foreclosure, of which the parties were ignorant, and the plaintiff entered into possession of the premises, with the consent of the defendant

on the 26th January, 1861, and such entry was made under said foreclosure and sale. In November, 1862, the plaintiff (Blake) commenced an action against defendant, McKusick and wife, setting forth in his complant, in substance, the defect in the foreclosure, and asking that the sale be set aside, and for a decree of foreclosure of the mortgage. The defendants in answer to such complaint, alleged that they had tendered, and in said tender offered to plaintiff a full and absolute release of all their right and equity of redemption in the premises, and asking that the relief demanded in the complaint be denied. It was ordered and decreed in such action, that upon depositing with the Clerk of the Court a release and quit claim, executed by the defendants, of all their right, title and interest in the premises to the plaintiff, the relief demanded in such action should be denied. The defendants executed, acknowledged and deposited such quit claim deed pursuant to the decree of the Court, prior to the commencement of this action. That no payment or satisfaction of said note, other than that arising from said sale, has been made; that the balance thereon on the 20th November, 1860, after deducting the proceeds of said sale, is $1,246.65, which with interest to date (finding of Court) amounts to the sum of $1,515.70.

The following are the conclusions of law on the foregoing facts as stated by the Court: "I find that the defendant before the commencement of this action, ratified and approved said sale and foreclosure, and released to the plaintiff all his right, claim and interest in and to said premises, and that the said foreclosure of said mortgage, and sale of said premises is valid and binding upon the parties to this action; that the amount of the proceeds of such sale, less the costs of such sale, is to be applied as a payment *pro tanto* of the said promissory note.

"That the plaintiff is entitled to judgment in his favor against the defendant for the said sum of $1,515.70, together with his costs in this action."

Judgment was entered for the plaintiff, and the defendants appeal to this Court.

H. R. MURDOCK and WM. M. McCLEUR for Appellant.

I.—The facts show that the mortgagee holds the premises under the mortgage and in satisfaction of the debt.

II.—The District Court erred in finding any balance due on the note; there having been no legal sale or foreclosure, it cannot be said that any amount has been applied upon the note except the whole amount due, and the mortgagor can not be taxed with the costs or expenses of the attempted foreclosure by advertisement, nor is he in any manner bound by the amount bid on such attempted foreclosure.

III.—The mortgagee having taken possession of the mortgaged premises, could have applied to the Court to have them valued, and the ascertained value applied on the note; but not having taken that course, it is to be presumed that he holds the premises in satisfaction of the debt.

IV.—There is nothing in our statute preventing a common law foreclosure of a mortgage. The legal title passes to the mortgagee upon default, notwithstanding the provisions of *Sec.* 11, *page* 596, *of the Comp. Stat.*, as has been expressly held by this Court in the case of *Pace vs. Chadderdon*, 4 *Minn.*, 499. The statute foreclosure is only the means provided for the mortgagee to possess himself of the rights acquired under his mortgage. But where the mortgagor has surrendered the possession by his voluntary act, and the mortgagee takes the possession without asking to have the premises valued, no other foreclosure is necessary; he holds the property for the debt. The mortgagor may redeem by paying the whole debt, and not otherwise; but in this case, the right of redemption having been released, the mortgagee has a full title to the premises and the debt is discharged.

V.—The District Court erred in holding that the release executed by defendant operated as a ratification of the sale. The release was as stated in the finding of the Court, a quit claim deed in the usual form. It did not purport to ratify the sale, nor was such the intention nor legal effect of it. The mortgagee was in possession under his mortgage, and the mortgagor by his release

surrendered the equity of redemption without any reference to the attempted sale. The following authorities are referred to : *Hunt vs. Stiles,* 10 *N. H.,* 466 ; *Erskue vs. Townsend,* 2 *Mass.,* 483 ; *Newhall vs. Wright,* 3 *Mass.,* 138 ; *Pomeroy vs. Winship,* 12 *Mass.,* 514 ; *Scott vs. McFarland,* 13 *do.,* 507 ; *Lowell vs. Shaw,* 5 *Shepley,* 423 ; *St. John vs. Bumpstead,* 17 *Barb.* 100 ; *Hilliard on Real Property, Vol.* 1, 486 ; 4 *Kent's Com.,* 182–3 ; *Schell vs. Schroder,* 1 *Bailey's Equity Rep.,* 334.

L. E. THOMPSON for Respondent.

I.—The act of taking possession of mortgaged premises by a mortgagee after default with or without consent of the mortgagor, does not constitute a foreclosure of the equity of redemption, nor a satisfaction of the mortgage debt. *Comp. Stat. Minn.,* 596, *Sec.* 11 ; *Adams vs. Corriston,* 7th *Minn. Rep.,* 456 ; 1 *Hilliard on Mortgages,* 103. The most that can be claimed as against a mortgagee in possession, unexplained in this State, is that he might be held liable to account to the mortgagor for the rents and profits of the estate. *Vide authorities above cited.*

II.—The plaintiff by entering into the mortgaged premises under his foreclosure, (affirmed by appellant,) created no liability to the mortgagor. After sale the mortgagor had no rights in and to said premises, except possession for one year and the right of redemption, which rights by his deed duly executed and delivered before the commencement of this action the appellant has released.

III.—The Court below in view of the facts found, committed no error in finding the plaintiff entitled to a judgment for the balance due upon said note. · *See Blake vs. McKusick,* 8 *Minn.* 338.

*By the Court*—WILSON, C. J.—The Appellant can not be heard in this case to deny the validity of the mortgage sale.

That sale was confirmed by the Court, not only by his consent, but at his instance. *See Blake vs. McKusick,* 8 *Minn. Rep.,* 338.

The evidence and the facts fully justify the findings of the Judge, who tried this cause below, " That the entry of the plain-

tiff into said premises was made under the mortgage sale and foreclosure;" and "that the defendant before the commencement of this action ratified and approved said sale." This being the case, it is too well settled to admit of a doubt that the respondent has a right of action for the balance due on the note secured by said mortgage.

Judgment below affirmed.