MARGARET A. YOUNG v. THORPE BROS. AND ANOTHER.[1]

March 1, 1935.

No. 30,230.

*Margaret A. Young, pro se.*
*Tryon & Everett,* for respondents.

JULIUS J. OLSON, JUSTICE.

Plaintiff, being dissatisfied with certain findings made by the trial court, moved for amended findings or a new trial. Being only partially successful in respect of that part of her motion relating to amended findings and conclusions of law and the court having denied her motion for a new trial, she appeals.

The suit is one for an accounting and arises out of the following facts: The defendant Thorpe Bros. is a Minnesota corporation, and defendant Penn Mutual Life Insurance Company is a corporation organized and existing under the laws of the state of Pennsylvania. Plaintiff was the owner of an apartment building in Minneapolis. On January 17, 1929, she executed a mortgage to the defendant insurance company to secure a loan maturing January 14, 1934. The loan was consummated through the office of defendant Thorpe Bros. In May, 1931, she was in default in the payment of certain principal sums then and prior thereto falling due, also in respect of interest payments. She executed to defendant Thorpe Bros. an assignment of rents, the instrument being in writing and referred to in the evidence as "exhibit A." She also executed a

[1] Reported in 259 N. W. 404.

management agreement with said defendant for the purpose of carrying out the terms of the assignment of rents. On June 1, 1931, defendant Thorpe Bros. proceeded to take charge and possession of the premises under the terms of said agreements. Plaintiff became dissatisfied with that defendant's management so she proceeded to cancel the same. This suit was brought by her against both defendants for the purpose of compelling an accounting. She asked for such relief and also that the court declare the assignment of rents canceled and that Thorpe Bros. be restrained from interfering with plaintiff's tenants in the management of her premises. Defendant Thorpe Bros. denied mismanagement, admitted that the contract or agreement in respect of their management had been canceled by plaintiff and that it had assented thereto. It averred affirmatively that it had properly disbursed the income received from the premises and had rendered true and correct accounts to plaintiff. Denial was made that it was indebted to plaintiff in any sum whatsoever except $34.80, which it had offered to plaintiff but which plaintiff had refused. It tendered judgment to plaintiff in that sum. Defendant insurance company answered along similar lines. No need exists for further comment on the pleadings except to say that plaintiff in her reply admitted that Thorpe Bros. offered her $34.80 and that she refused the same. She denied, upon information and belief, that defendants or either of them had rendered plaintiff true and correct accounts of the application of her rentals to her mortgage indebtedness, interest, taxes, and upkeep of the property.

We have attentively examined the bill of exceptions and the many exhibits to which these refer. The conclusion is inescapable that only fact issues were involved. The trial court painstakingly went into every item, and we are satisfied that the right result was reached. Neither the parties nor the bar can be at all informed or enlightened by further discussion of the issues. This court said in Hackett v. Palon, 169 Minn. 218, 219, 210 N. W. 996, and this is particularly applicable to the present plaintiff:

"Why counsel * * * will continue to ask this court to spend time on questions of this character we cannot understand. Their

zeal must not overrule their judgment. This court cannot help an appellant on a question of fact where the evidence permits a finding either way."

The order is affirmed.

HOLT, JUSTICE, being disqualified, took no part.