HOMER MORRIS, SPECIAL ADMINISTRATOR, SUBSTI-TUTED FOR MARGARET A. YOUNG, DECEASED, v. PENN MUTUAL LIFE INSURANCE COMPANY.[1]

February 7, 1936.

No. 30,692.

[1]Reported in 265 N. W. 278.

404

*Margaret A. Young* and *Homer Morris,* for appellant.
*Tryon & Everett,* for respondent.

HOLT, JUSTICE.

Since the appeal was taken Margaret A. Young died, and Homer Morris, as special administrator of her estate, has been substituted as plaintiff, but in the opinion Margaret A. Young will be referred to as plaintiff. The appeal is from the order denying her motion for a new trial.

The action is to annul and set aside a real estate mortgage foreclosure. On January 17, 1929, plaintiff obtained a loan of $23,000 from defendant and gave her promissory note for that amount, secured by a mortgage upon lot 14, block 1, of Russell's Addition to Minneapolis, owned by her and upon which was an apartment

building. Because of default in the payment of interest and taxes defendant foreclosed the mortgage by advertisement under the power therein contained and pursuant to the provisions of the statute, the sale being made by the sheriff of Hennepin county on May 17, 1933, defendant bidding in the premises for $26,630.77 and receiving a certificate of sale made and recorded on the same day. There was no redemption; but plaintiff applied for an extension of the time of redemption under L. 1933, c. 339, 3 Mason Minn. St. 1934 Supp. §§ 9633-1 to 9633-21. It was denied, and the order denying the same was affirmed. Young v. Penn Mut. L. Ins. Co. 192 Minn. 446, 256 N. W. 906. Plaintiff was in default, when in May, 1931, she executed to Thorpe Bros., a corporation, an assignment of the rents to fall due from the apartment building covered by the mortgage, pursuant to which Thorpe Bros. on June 1 took possession and collected the rents. Later plaintiff canceled the assignment, resumed possession of the mortgaged premises, and began suit against Thorpe Bros. for an accounting, joining this defendant in the suit. Thorpe Bros. denied mismanagement, alleged that the rents had been collected and applied pursuant to the terms of the canceled assignment except the sum of $34.80, which had been tendered plaintiff but refused, and it tendered plaintiff judgment therefor. The trial resulted in a judgment as tendered by the defendants. On an appeal by plaintiff the decision was affirmed. Young v. Thorpe Bros. 193 Minn. 576, 259 N. W. 404. After the time of redemption had expired, the present action was begun. The answer denied the allegations of the complaint which set forth charges of wrongful acts of defendant that would avoid the sale, alleged that the sale was made according to the provisions of the power contained in the mortgage and pursuant to the statutes, and counterclaimed asking for the ejection of plaintiff and damages for withholding possession from defendant from the time redemption expired. The trial resulted in findings and conclusions of law to the effect that there was a valid foreclosure, which vested title to the premises at the expiration of the time of redemption in defendant notwithstanding the fact that in the published notice of the foreclosure sale $116.55 in excess of the amount due had been claimed,

and that defendant bid $247.19 in excess of the amount due on the mortgage debt and expenses of foreclosure. It was also found that defendant was damaged by plaintiff's withholding possession of the premises after the expiration of the time of redemption in the sum of $739.16 less $247.19 (the excess bid over the amount actually due on the mortgage with interest adjusted), for which judgment was ordered against plaintiff in the sum of $467.80 and costs, and possession awarded to defendant. Other relief awarded has no bearing upon the questions for decision here. Among the detailed findings of fact are these: On July 12, 1899, defendant was licensed to do business in the state as a foreign corporation for the term of 30 years. Thereafter and in March, 1925, it was licensed to do business as a life insurance company, which license has since been annually renewed. On March 1, 1935, a license was duly issued to defendant to do business and hold real estate in this state under the general foreign corporation statutes for 30 years from and after July 12, 1929.

We do not deem it necessary to discuss all the assignments of error, but shall confine the opinion to those decisive of the appeal, namely, those challenging the validity of the mortgage foreclosure sale and the legal standing of the counterclaim. The first and principal contention of plaintiff is that defendant, a foreign corporation, was not licensed to do business in this state under 2 Mason Minn. St. 1927, §§ 7493-7495, hence could not make a valid foreclosure. The mortgage was lawfully taken when defendant had license to transact business in this state. The mortgage contained a power of sale under which it could be foreclosed by advertisement. This remedy could not be lost by a cancellation of the license or by its expiration before there was occasion to resort to it. The statute authorizing the foreclosure of mortgages by advertisement (2 Mason Minn. St. 1927, § 9603) prescribes three requisites to entitle any party to so foreclose, namely: That a default in the condition of the mortgage has occurred; that no action or proceeding has been instituted or is pending to recover the debt or any part thereof; and that the mortgage has been recorded. There is no requisite that if the holder of the mortgage is a foreign corporation

it shall have secured a license to do business in this state. A foreclosure by advertisement is not a proceeding in court or at law where the party instituting the same must show a right to invoke the aid of the courts. It is a proceeding *in pais, cx parte,* and *in rem.* Morrison v. Mendenhall, 18 Minn. 212 (232); In re Grundysen, 53 Minn. 346, 55 N. W. 557; Lundberg v. Davidson, 72 Minn. 49, 74 N. W. 1018, 42 L. R. A. 103. A ruling that a foreign corporation which while licensed to do business in this state when it took a mortgage on real estate must continue as such licensee in órder to foreclose the mortgage by advertisement would needlessly tend to upset or question titles in this state. Our attention has been called to no statute, and we are aware of none, that requires a foreign corporation to have license to do business in this state in order to foreclose by advertisement a mortgage it has taken or holds on real property in this state. In passing, it is suggested that ever since 1925 defendant has held an annual license under 1 Mason Minn. St. 1927, § 3711, to do a life insurance business in this state. By § 3374 thereof it became a domestic corporation, as far as concerns such business, and § 3385 provides that a domestic life insurance company may hold and convey real property acquired through mortgages taken to secure good faith loans and foreclosed. These sections imply that defendant by virtue of the license to transact life insurance business in this state could lawfully take this mortgage and foreclose it by advertisement without complying with any other statute. The court found on adequate testimony that loaning its funds in this state on real estate mortgages was incidental to its life insurance business.

The foreclosure is also attacked on the ground that the notice stated the amount due was $116.55 in excess of the amount actually 'due. In the computation of interest, taxes, and insurance where large sums, as here, are involved, a mistake may occur. It seems the attorney who made this computation thought interest was to be paid on interest instalments after due. There is no evidence that the overstatement was for the purpose of wrongfully exacting more than due. This excess, if any, should not vitiate the sale. Nor, of course, should the fact, no doubt also an unin-

tentional mistake, that the defendant bid at the sale $247.19 more than enough to liquidate the actual debt and expenses of foreclosure; for plaintiff was given credit for that sum upon the counterclaim. She suffered no harm, by either mistake.

It is also claimed that the foreclosure was void for noncompliance with the last paragraph of § 9610. It is enough to say that the entire section relates to foreclosures for instalments. The title of the act (L. 1925, c. 280) which incorporated the paragraph into § 9610 so plainly shows.

Another objection urged is that there was another action pending for the recovery of the debt. The claim is ingenious but unsound, namely, that the suit of Young v. Thorpe Bros. 193 Minn. 576, 259 N. W. 404, was pending when the foreclosure was made. That was a suit brought by Young, not by defendant, and of course was not for any part of the debt involved in the mortgage. There is no claim that the foreclosure notice was not properly published; and it is conceded that it was properly and personally served on plaintiff and all other occupants of the premises. We hold the foreclosure valid.

It is claimed that defendant's counterclaim for possession of the premises and damages for their detention was not proper. There was no demurrer interposed to the counterclaim, and the objections raised at the trial were not that it was not a proper counterclaim, but plaintiff moved to dismiss "because it is based on an illegal proceeding, foreclosure of a mortgage, on no right of action." It is plain that the ground was without merit, being based on a claimed illegal foreclosure which in fact was a valid foreclosure.

We must now take as settled the accounting had in Young v. Thorpe Bros. 193 Minn. 576, 259 N. W. 404, and no evidence has been pointed out to us that successfully refutes the correctness of the finding that the foreclosure sale brought $247.19 more than due defendant after paying the expenses, nor the finding of the amount of damages suffered by defendant on account of plaintiff's withholding possession of the premises from it after title vested in defendant. There was no error in receiving the witness Carleton's testi-

mony on the subject of rental value. A proper foundation was laid therefor.

There is nothing in the assignment of the rents by Young to Thorpe Bros. that gave any occasion to contend that thereby the validity of the mortgage was affected, nor is there anything in the record to sustain the contention that it was tainted with usury. It is only the validity of its foreclosure that is assailed by the complaint. As far as the findings of fact call for the conclusions of law, they are sustained by the evidence. Insofar as the amended findings requested conflict with those made, they are not supported to such extent as to compel the court so to find. Many findings made and many requested are immaterial and do not control or bear upon the decision herein. We discover no error in the record that could have prejudiced plaintiff.

The order is affirmed.

DEVANEY, CHIEF JUSTICE, and STONE, JUSTICE, took no part in the consideration or decision of this case.

