**AMERICAN NATIONAL BANK,**
**Appellant,**

v.

**Lawrence J. BLAESER and Clarice A.**
**Blaeser, Respondents.**

**No. 82–422.**

Supreme Court of Minnesota.

Nov. 12, 1982.

Borden, Steinbauer, Rathke & Gardner, Brainerd, for appellant.

Hanson & Gustafson and Randall K. Hanson, Pequot Lakes, for respondents.

KELLEY, Justice.

Plaintiff American National Bank of Brainerd (Bank) appeals from an order granting summary judgment in favor of defendants Lawrence J. and Clarice A. Blaeser in this suit for a deficiency judgment following a mortgage foreclosure. The sole issue on appeal is whether a foreclosing mortgagee may elect a 12-month redemption period under Minn.Stat. § 580.-23, subd. 2 (1980), as opposed to a 6-month redemption period under Minn.Stat. § 580.-23, subd. 1 (1980), and thereby preserve a right to a deficiency judgment. We conclude that the legislature did not intend to permit such a choice and, accordingly, we affirm.

On December 6, 1979, the Blaesers executed a promissory note for $73,217.80 in favor of the Bank. On that same date, they also executed a mortgage deed in that amount on a parcel of real estate in Crow Wing County containing less than 10 acres. Blaesers failed to make the required payments. While greater than 66⅔% of the original principal was still outstanding, the Bank foreclosed by advertisement. In the foreclosure documents the Bank specified that the applicable period of redemption was 12 months. On April 28, 1981, the real estate was sold to the Bank, the highest bidder at a sheriff's sale, for $65,000 plus $1,245.02 as costs of conducting the sale. The Bank subsequently commenced this suit on the note for a deficiency judgment of $22,774.91.

Minn.Stat. § 580.23, subd. 1 (1980), provides that when real estate has been sold under a power of sale the mortgagor "within six months after such sale, except as otherwise provided in subdivision 2, may redeem such lands" by taking certain specified actions. Subdivision 1 further states:

> Where the redemption period is as provided in this subdivision the mortgagee, or his successors, assigns, or personal representative, or any other purchaser so purchasing at the sheriff's sale shall by purchasing the property at the sheriff's sale thereby waive his right to a deficiency judgment against the mortgagor.

Subdivision 2 provides that "[n]otwithstanding the provisions of subdivision 1 hereof, when lands have been sold * * * the mortgagor * * * within 12 months after such sale may redeem" by performing the conditions set out in subd. 1 if certain circumstances exist:

> (a) The mortgage was executed prior to July 1, 1967, or;
>
> (b) The amount claimed to be due and owing as of the date of the notice of foreclosure sale is less than 66⅔ percent of the original principal amount secured by the mortgage; or,
>
> (c) The mortgaged premises, as of the date of the execution of the mortgage, exceeded ten acres in size.

Subdivision 2 makes no mention of deficiency judgments.

Before the enactment of the present statute in 1967, the rule was simply that upon foreclosure by advertisement a mortgagor could redeem within 12 months of the sale. Minn.Stat. § 580.23 (1965). A valid sale exhausted the mortgage lien, but if the property did not bring a sale price sufficient to repay the entire debt the mortgagee could sue for the balance due on the note secured by the mortgagee. *Stearns v. Carlson,* 162 Minn. 469, 203 N.W. 212 (1925); *Blake v. McKusick,* 10 Minn. 251 (Gil.195) (1865).

The present statute clearly and unambiguously effects certain changes in the rules governing foreclosure by advertisement. Subdivision 1 states a new general rule that a mortgagor has only 6 months to redeem from the foreclosure sale. This halving of the redemption period acknowledges that most mortgagors do not redeem and benefits both the mortgagor and mortgagee by fostering higher sales prices and reducing the expenses and risks incident to foreclosure. Note, *Proposed Changes in Minnesota Mortgage Law,* 50 Minn.L.Rev. 331, 333–38 (1965). The legislature was not unmindful, however, of the potential for harm possessed by a mortgagee with a power of sale and of the enhanced likelihood of a windfall under the shortened redemption period. It therefore limited the availability of deficiency judgments in cases where the 6-

month period applies by providing that if the mortgagee purchases the property at the sheriff's sale he waives his right to such a claim. Thus, subd. 1 modifies prior law in two respects designed to counter-balance each other.

Subdivision 2, on the other hand, expressly excepts three specific circumstances from the general rule and continues the 12-month redemption period with respect to them. Each involves special equities favoring a longer period. First, subd. 2(a) merely preserves prior law for mortgages executed when it was in force. Second, subd. 2(b) mandates a 12-month period in cases where the mortgagor has made a substantial investment in the real estate by paying in excess of one-third of the principal. Third, subd. 2(c) provides for the longer period when the tract is larger than 10 acres. These exceptions represent legislative judgments that when such facts exist the mortgagor is more likely to redeem and, therefore, the inefficiencies incident to the longer redemption period are warranted. Although subd. 2 affords additional protection to the mortgagor, there is again a trade off. The mortgagee's right to a deficiency judgment remains, not having been either expressly or impliedly overruled or modified by the legislature.

■ Our reading of the statute indicates that the legislature fashioned a framework to accommodate the interests of the mortgagor and mortgagee in a modern foreclosure by advertisement setting. The statute manifests legislative intent that the redemption period be 6 months unless the facts dictate the application of the exceptions set out in subd. 2. We therefore reject the Bank's contention that section 580.23 permits the mortgagee to elect which redemption period will govern a particular foreclosure. Should the Bank wish to purchase the real estate and obtain a deficiency judgment under facts where the 6-month redemption period applies, it must foreclose by action.

Affirmed.