**NORWEST BANK HASTINGS NATIONAL ASSOCIATION, Respondent,**

v.

**Louis FRANZMEIER and Dorothy M. Franzmeier, Appellants.**

**No. C7–84–649.**

Court of Appeals of Minnesota.

Sept. 11, 1984.

Harvey Jones, Leo Schumacher, Hertogs, Fluegel, Sieben, Polk, Jones & Laverdiere, Hastings, for respondent.

Richard Diamond, Amy Grady, Larkin, Hoffman, Daly & Lindgren, Minneapolis, for appellants.

Heard, considered and decided by POPO-VICH, C.J., and LESLIE and CRIPPEN, JJ.

**1.** Appellant Louis Franzmeier died before this proceeding was commenced.

## OPINION

LESLIE, Judge.

This is an appeal from an order of the trial court denying the appellants' motion for summary judgment. By a later amended order the trial court certified the issue as important and doubtful. We affirm.

### FACTS

On June 11, 1982, the appellants, husband and wife, signed a promissory note and entered into a mortgage for $138,-500.00 plus 15 percent interest per annum with the respondent bank. The property secured by the mortgage was a homestead in Hastings, Minnesota. The note and mortgage were not paid when they became due, and the bank began foreclosure proceedings against the homestead. The bank chose to foreclose by action, pursuant to Minn.Stat. ch. 581, rather than foreclosing by advertisement pursuant to Minn.Stat. ch. 580. In a motion to the district court, the bank requested summary judgment for the amount of the promissory note and mortgage, plus interest accrued. Appellant Dorothy Franzmeier (hereinafter "appellant")[1] also moved for summary judgment, claiming that as a matter of law she was entitled to a six month period after the foreclosure sale in which to redeem the property, and claiming further that the bank was not entitled to a deficiency judgment.

The trial court granted the bank's motion for summary judgment and denied the appellant's motion, determining that although the appellant was entitled to redeem the property within six months after the foreclosure sale, the bank was still entitled to a deficiency judgment. However, the court by two later amended orders decided that the issue of the deficiency judgment should be certified as important and doubtful, and the court therefore stayed the entry of any deficiency judgment pending the outcome of this appeal.

The homestead was sold at a foreclosure sale on June 7, 1984, to the bank for $145,-

000.00. The deficiency appears to be approximately $25,000.00.

## ISSUE

In a foreclosure by action proceeding where the statutory period of redemption is six months, is the mortgagee entitled to a deficiency judgment?

## ANALYSIS

██ The Minnesota legislature has provided for two types of mortgage foreclosure proceedings: foreclosures by advertisement and foreclosure by action. A foreclosure by advertisement takes place without recourse to the courts, and is a proceeding *in pais, ex parte* and *in rem.* Minn.Stat. ch. 580; *Morris v. Penn Mutual Life Insurance Co.,* 196 Minn. 403, 265 N.W. 278 (1936). A foreclosure by action requires a judicial decree and approval of sale and is an *in personam* proceeding, although it is in the nature of a proceeding *in rem* since its purpose is to enforce a lien on the mortgaged property. Minn.Stat. ch. 581; *Winne v. Lahart,* 155 Minn. 307, 193 N.W. 587 (1923).

The foreclosure by advertisement statutes, Minn.Stat. ch. 580, indicate the allowable periods of redemption after a foreclosure sale, and specifically state that where the redemption period is six months the mortgagee, by purchasing at a foreclosure sale, waives the right to a deficiency judgment:

Subdivision 1. When lands have been sold in conformity with the preceding sections of this chapter the mortgagor, his personal representatives or assigns, *within six months after such sale,* except as otherwise provided in subdivision 2, may redeem such lands, as hereinafter provided, by paying the sum of money for which the same were sold, with interest from the time of sale at the rate provided to be paid on the mortgage debt and, if no rate be provided in the mortgage note, at the rate of six percent per annum, together with any further sums which may be payable pursuant to section 582.03. *Where the redemption period is as provided in this subdivision the mortgagee, or his successors, assigns, or personal representative, or any other purchaser so purchasing at the sheriff's sale shall by purchasing the property at the sheriff's sale thereby waive his right to a deficiency judgment against the mortgagor.*

Subd. 2. Notwithstanding the provisions of subdivision 1 hereof, when lands have been sold in conformity with the preceding sections of this chapter the mortgagor, his personal representatives or assigns, *within 12 months after such sale,* may redeem such lands in accordance with the provisions of payment of subdivision 1 thereof, if:

(a) The mortgage was executed prior to July 1, 1967, or;

(b) The amount claimed to be due and owing as of the date of the notice of foreclosure sale is less than 66⅔ percent of the original principal amount secured by the mortgage; or,

(c) The mortgaged premises, as of the date of the execution of the mortgage, exceeded ten acres in size.

Minn.Stat. § 580.23 (1982) (emphasis supplied). Before the above provision was amended in 1967, the redemption period was 12 months in any situation, and deficiency judgments were always allowed. *See American National Bank v. Blaeser,* 326 N.W.2d 163 (Minn.1982). The change in the redemption period from 12 to six months "acknowledges that most mortgagors do not redeem and benefits both the mortgagor and mortgagee by fostering higher sales prices and reducing the expenses and risks incident to foreclosure." *Id.,* at 164, citing Note, *Proposed Changes in Minnesota Mortgage Law,* 50 Minn.L. Rev. 331, 333–38 (1965). The provision in the statute which denies a purchasing mortgagee the right to a deficiency judgment where the redemption period is six months has also been explained by the *Blaeser* court:

The legislature was not unmindful, however, of the potential for harm possessed by a mortgagee with a power of sale and

of the enhanced likelihood of a windfall under the shortened redemption period. It therefore limited the availability of deficiency judgments in cases where the 6-month period applies by providing that if the mortgagee purchases the property at the sheriff's sale he waives his right to such a claim. Thus, subd. 1 modifies prior law in two respects designed to counter-balance each other.

*Blaeser*, 326 N.W.2d at 164–165.

*Blaeser*, after explaining the foreclosure by advertisement redemption provisions, held that a mortgagee could not elect the 12 month redemption period instead of the six month period. The court concluded in dicta:

> Should the Bank wish to purchase the real estate and obtain a deficiency judgment under facts where the 6-month redemption period applies, it must foreclose by action.

*Blaeser*, 326 N.W.2d at 165. In the present instance the bank has indeed foreclosed by action, and wishes to obtain a deficiency judgment, as the *Blaeser* dicta indicates is allowable. The appellant, however, argues that the *Blaeser* language should not be followed. The appellant claims that the legislature intended that where the redemption period is six months and the mortgagee purchases at the foreclosure sale, a deficiency judgment should not be allowed whether the mortgagee forecloses by advertisement or by action.

The statutory foreclosure by action provision relating to periods of redemption was also amended in 1967. Prior to that time the redemption period in a foreclosure by action proceeding was also 12 months, but in 1967 the language was amended to read as follows:

> The mortgagor, or those claiming under him, *within the time specified in section 580.23* after the date of the order of confirmation, may redeem the premises sold, or any separate portion thereof, by paying the amount bid therefor, with interest thereon from the time of sale at the rate provided to be paid on the mortgage debt, not to exceed eight percent per annum, and, if no rate to be provided

in the mortgage, at the rate of six percent, together with any further sum which may be payable pursuant to section 582.03. Creditors having a lien may redeem in the order and manner specified in section 580.24, but no creditor shall be entitled to redeem unless within such specified redemption period he files with the clerk notice of his intention to redeem.

Minn.Stat. § 581.10 (1982) (emphasis supplied). Thus, the six and 12 months periods of redemption provided by the foreclosure by advertisement statute (§ 580.23) are also applicable to foreclosure by action proceedings. The problem with the above statute and the entire basis for the controversy in this instance is that nowhere in § 581.10 does the legislature mention deficiency judgments. The appellant argues that because § 581.10 refers specifically to § 580.23, all provisions of § 580.23 should apply to redemptions in foreclosure by action proceedings, including the provision concerning waiver of deficiency judgments. The bank counters that the *Blaeser* decision, together with a close reading of the statutes, indicates that the provision in § 580.23 referring to waivers of deficiency judgments is not incorporated in the redemption provision of the foreclosure by action statutes.

The object of all statutory construction is to determine the intention of the legislature, and every law should be construed to give effect to all its provisions. Minn.Stat. § 645.16 (1982). *City of St. Louis Park v. King*, 246 Minn. 422, 75 N.W.2d 487 (1956). With this general rule in mind, it should be noted that Minn.Stat. § 581.10 refers only to the *"time* specified in section 580.23" (emph. supp.), and not the other provisions of § 580.23. Further, Minn.Stat. § 581.09, immediately preceding the redemption provision of § 581.10, specifically provides:

**581.09 SATISFACTION OF JUDGMENT; EXECUTION FOR DEFICIENCY.**

Upon confirmation of the report of sale, the clerk shall enter satisfaction of

the judgment to the extent of the sum bid for the premises, less expenses and costs, *and for any balance of such judgment, execution may issue as in other cases;* but no such execution shall issue on the judgment until after a sale of the mortgaged premises, and the application of the amount realized as aforesaid.

(Emphasis supplied.) These provisions, when read together, provide a basis for the supreme court's conclusion in *Blaeser* that a deficiency judgment may be obtained by a mortgagee who purchases at a foreclosure sale after foreclosing by action. We do not feel justified in adding to a statute language which the legislature has either purposely or inadvertently overlooked. *Wallace v. Commissioner of Taxation,* 289 Minn. 220, 184 N.W.2d 588 (1971). While we recognize that our decision may be harsh, we believe that a change in the statute's express language, if proper, is a matter for the legislature.

The appellant argues that allowing the respondent to obtain both a six-month redemption period and a deficiency judgment would create a substantial difference between the two types of foreclosure proceedings. It appears that the legislature has indeed intended to distinguish between foreclosures by advertisement and foreclosures by action, since it has consistently dealt with them in separate chapters of the mortgage foreclosure statutes.

The legislative balancing of a mortgagee's waiver of the deficiency judgment against the shorter period of redemption in foreclosure by advertisement proceedings is less important in foreclosures by action, where the proceedings and foreclosure sales are subject to court scrutiny. Again, the reason that the mortgagee must waive a deficiency judgment in a foreclosure by advertisement proceeding where the redemption period is six months is that otherwise the mortgagee who purchases at the foreclosure sale will be very likely to obtain a windfall. *See Blaeser,* 326 N.W.2d at 164–165. On the other hand, in a foreclosure by action proceeding, the foreclosure sale is subject to confirmation by the court, which should order a resale if the first sale was unfair:

> Upon the coming in of the report of sale, the court shall grant an order confirming the sale, or, if it appears upon due examination that justice has not been done, it may order a resale on such terms · as are just. If the sale is confirmed, the sheriff shall forthwith execute the proper certificate of sale, which shall be recorded within 20 days after such confirmation.

Minn.Stat. § 581.08 (1982). Thus, the potential for a windfall by the mortgagee is forestalled by this means, rather than by the requirement that the mortgagee waive any deficiency judgment.

### DECISION

We affirm the trial court's determination that a mortgagee is entitled to a deficiency judgment in a foreclosure by action proceeding where the statutory period of redemption is six months.