# CASES DETERMINED

## August Term, 1896.

---

HELLER, Respondent, vs. NEEVES and others, Appellants.

*May 23 — September 22, 1896.*

*Mortgages: Foreclosure: Breach of covenant to pay taxes.*

Where there is nothing due to the mortgagee, a mere naked breach of the covenant to pay taxes gives him no right to foreclosure of a mortgage containing a power of sale "in case of nonpayment of any taxes," but providing that in case of such sale the mortgagee is to retain "the principal and interest which may then be *due*, with costs," etc., and render the surplus to the mortgagor. So *held* in a case where, before the trial, the sums paid by the plaintiff for taxes had been repaid to him by a prior mortgagee.

APPEAL from a judgment of the circuit court for Milwaukee county: FRANK M. FISH, Judge. *Reversed.*

*C. W. Briggs*, for the appellants.

*Frank B. Van Valkenburgh*, for the respondent.

The following opinion was filed June 19, 1896:

WINSLOW, J. This is an appeal from a judgment of mortgage foreclosure. There was no principal or interest due when the action was commenced, and the only default then existing was that the taxes upon the premises for two years had been allowed to remain unpaid, contrary to the covenants of the mortgage. The mortgagee had not paid these taxes, but they had been paid by a prior mortgagee. The

only question presented is whether the mortgage can be foreclosed simply for default in the payment of the taxes. The mortgage contains a covenant by the mortgagors to pay the taxes when due, and a power of sale in case of failure to pay principal or interest when due, "or in case of nonpayment of any taxes" on the mortgaged premises. In case of such sale the covenant provides that the mortgagee is to retain "the principal and interest which may then be *due*, together with costs and charges" and the stipulated solicitor's fees, and render the surplus to the mortgagors. There are no other covenants touching the payment of taxes or the effect of nonpayment, nor is there any stipulation that the mortgagee may pay the same and recover the amount as part of the mortgage debt, or that the mortgage debt shall become due on default in payment of the taxes. In this situation it seems to us clear that there was no default justifying foreclosure when the suit was brought. There was, it is true, a breach of the covenant to pay taxes, but not a dollar had thereby become *due* on the mortgage. It was a mere technical breach which had resulted in no actionable injury. After it had taken place there was no sum due from the mortgagor to the mortgagee which the mortgagee could retain in case of foreclosure by advertisement under the power contained in the mortgage, and if there could be no foreclosure by advertisement we do not see upon what principle there could be foreclosure by action. It is true that the principle is laid down in some of the text-books (*e. g.* 2 Jones, Mortg. [5th ed.] § 1175) that there may be foreclosure for default in paying taxes alone, but it will be found that no case cited to the proposition justifies the broad statement. In every case there cited there was either a default in payment of some part of the mortgage debt or a breach of some other condition of the mortgage, in addition to the default in payment of the taxes. We hold that when a mortgage is conditioned like the one before us,

a mere naked breach of the covenant to pay taxes gives no right to foreclose. *Williams v. Townsend,* 31 N. Y. 411.

*By the Court.*— Judgment reversed, and action remanded with directions to dismiss the complaint.

The following opinion was filed September 22, 1896:

WINSLOW, J. On motion for rehearing our attention is called to an inaccuracy in a statement of fact contained in the opinion. It is said in the opinion that the only default existing when the action was commenced was that the taxes remained unpaid for two years, but that *the plaintiff had not paid them.* We gathered this from the findings of fact, but it appears in the plaintiff's testimony that when the action was commenced he believes he held tax certificates for two years, but that before the trial of the case the owner of the first mortgage had paid him the amount of the certificates, so that he had received back his money. Thus his own testimony shows that at the time of the trial of the action there was, as said in the opinion, "a breach of the covenant to pay taxes, but not a dollar . . . due on the mortgage." It is certainly true that, had plaintiff retained his tax certificates, the sums paid for them would have become part of the mortgage debt, and probably a foreclosure might be maintained for such breach, even in the absence of a clause to that effect in the mortgage. R. S. secs. 1158–1160; *Burchard v. Roberts,* 70 Wis. 111. But it affirmatively appears here that when the action was tried there was nothing due the plaintiff, but that there existed a mere naked breach of the covenant to pay taxes; and this, we hold, gives no right to a judgment of foreclosure.

*By the Court.*—Motion denied.