HACKETT and another, Respondents, vs. VAN DUSEN, imp., Appellant.

*May 4—May 21, 1907.*

*Mortgages: Lien for taxes paid: Purchase of tax certificates: Foreclosure.*

Where a mortgagee, for protection of his lien, has obtained tax certificates by purchase from others and at tax sales of the premises, such acts amount to payment of the taxes and give him a further lien, under secs. 1158, 1160, Stats. (1898), so that a subsequent tender of merely the amount due on the mortgage with interest, though made before action and kept good, will not defeat foreclosure of the mortgage.

APPEAL from a judgment of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Action to foreclose a mortgage of land. The appeal is by the mortgagor from a judgment of foreclosure and sale.

*G. E. Schwindt,* for the appellant, cited *Sturdevant v. Mather,* 20 Wis. 576; *Burchard v. Roberts,* 70 Wis. 111; *Hannig v. Mueller,* 82 Wis. 235; *Hill v. Buffington,* 106 Wis. 525; *Fischel v. Thompson,* 126 Wis. 73; Cooley, Taxation (2d ed.) 503, 504; *Maxfield v. Willey,* 46 Mich. 252, 9 N. W. 271.

For the respondents the cause was submitted on the brief of *Barry & Barry.*

TIMLIN, J. This appeal presents the single question whether an action for foreclosure of a mortgage can be de-

feated by prior tender, kept good, of the amount due on the mortgage with interest, in a case where the mortgagee had prior to such tender purchased from others and bid in at tax sale certificates of tax sales on the mortgaged premises in order to protect her lien under the mortgage. This question we are compelled to answer in the negative, because it has been decided by this court that such acts on the part of the mortgagee amount to a payment of the taxes. *Hill v. Buffington,* 106 Wis. 525, 82 N. W. 712; *Heller v. Neeves,* 93 Wis. 637, 67 N. W. 923, 68 N. W. 412; *Fisk v. Brunette,* 30 Wis. 102; *Burchard v. Roberts,* 70 Wis. 111, 35 N. W. 286; *Endress v. Shove,* 110 Wis. 133, 85 N. W. 653. Secs. 1158, 1160, Stats. (1898), cover the case of a mortgagee having paid taxes on the mortgaged real estate.

It is unnecessary to decide what the defendant's procedure must have been had she desired to contest the validity of the tax certificates because no such contest is made, but it will be sufficient to suggest that there are other statutes relative to tender covering such contest. Sec. 1210*h*, Stats. (1898).

*By the Court.*—The judgment of the circuit court is affirmed.