Foelske, Appellant, vs. Stockhausen, Executrix, Respondent.

*March 8—April 3, 1934.*

*Henry E. Foelske* of Milwaukee, *in pro. per.*

For the respondent there was a brief by *Herbert R. Manger* and *Walter E. Draheim,* both of Milwaukee, and oral argument by *Mr. Manger.*

FAIRCHILD, J. · The sole question necessary for us to consider upon this record is whether there was an abuse of discretion by the trial court in granting an emergency extension of the redemption period, application for which was made under the provisions of sec. 278.106, Stats. This section, after reciting the existence of a public emergency growing out of the present depression, resulting in numerous foreclosures of mortgages, with the result that property values are destroyed, together with the means of support of thousands of people, provides that in any action commenced prior to March 1, 1935, in which the sale of the realty covered by the mortgage has not been confirmed by the court, the mortgagor may have the benefit of an emergency extension of the period of redemption, not to exceed three years

in all, nor for a longer period than one year at any one time. The section then specifies the conditions upon which the extension may be granted, and defines the powers and duties of the court with reference to the matter. Sub. (2) (b) reads as follows:

"In his application for such extension the party making the same shall set forth in a verified petition his economic condition, circumstances and earnings for the previous year. The extension may be granted by the court where the applicant shall pay during the period for which the extension is made the taxes, or interest, or both, in the discretion of the court."

It will be noted that the court is given discretion with respect to two particulars: First, whether the circumstances are such as to entitle the applicant in any event to an extension; second, whether the condition upon which the extension shall be granted shall be the payment by the applicant of the taxes, or interest, or both. The discretion of the trial court with reference to the propriety of granting an extension must be exercised in the light of the express purpose of the statute, and particularly that portion of it which sets forth the kind of a showing the applicant shall make to the court as a ground for extension. Sub. (2) (b), above quoted, requires the applicant to state his economic condition, circumstances, and earnings for the previous year. This can have no purpose other than that of enabling the court to determine the ability of the applicant to meet his obligations. The section strongly implies that if his earnings and cash balances are such as to enable him to discharge the obligation, and thus avoid the necessity of a sale, he is not entitled to the benefits of the section, and that in such a situation the granting of an extension of the redemption period would constitute an abuse of discretion.

In the present case the petition discloses as reasons for postponing the sale of the property that the petitioner, who

is also personally liable on the obligation, is the widow of Frank Stockhausen, who died February 18, 1932; "that affiant was prior to the death of deceased dependent on him for support and as the widow of deceased has had no earnings during the past year and upwards and has been engaged in caring for her family of five children, three of whom are dependent minors attending school; that the estate of said deceased, largely consisting of real estate with no income and securities, cannot be settled in the interests of all concerned without sustaining losses pending improvement of economic conditions and values; and that personal funds of affiant, necessary for the support of herself and family, were on deposit in the Park Savings Bank and are subject to the stabilization plan promulgated by the commission of banking of the state of Wisconsin as to said bank." This is not an adequate compliance with the requirements of sec. 278.106 (2) (b), Stats., as a disclosure of the economic condition and circumstances of the petitioner. In some particulars it is apparent that the statements are mere conclusions.

The opposing affidavit of the appellant, which appears to be undisputed, shows that the petitioner, upon the death of her husband, by right of survivorship became the owner of real estate inventoried at $50,500, subject to incumbrances; that the estate of the husband owns real estate including the property here under foreclosure, inventoried at $18,600; and that in addition to this the petitioner received "net proceeds from various insurance companies by reason of the death of her husband in the aggregate sum of $13,645.89." In the absence of an explanation of the disposition of the proceeds of the insurance, it is obvious that the facts presented upon the petition do not rise to the dignity of the showing required by the statute in order that the trial court may be sufficiently advised as to be in a position to form a proper judgment upon the propriety of granting an extension.

Upon the record before us it cannot be held that the petitioner is without resources with which to protect her interest in the property under foreclosure without undue sacrifice of the real estate involved. The order granting the extension was improvidently granted.

*By the Court.*—Order reversed.