BANKING COMMISSION, Appellant, vs. WUTSCHEL and others, Respondents.

*October 7—November 5, 1935.*

*H. W. Schuler* of Milwaukee, for the appellant.

For the respondents the cause was submitted on the brief of *Nohl, Nohl, Petrie & Blume* of Milwaukee.

WICKHEM, J. Judgment of foreclosure in this action was entered on the 23d day of October, 1933. The premises consist of six lots in the city of Milwaukee, improved by a building used as a public garage and operated by defendants. The first mortgage, which was foreclosed by this action, was in the principal sum of $30,000, and was originally executed to the Security Bank of Milwaukee. Plaintiff took charge of the mortgagee bank in 1932. The judgment of foreclosure provided, after ordering sale, that if defendants, within one year from the date of judgment, should pay all taxes assessed against the premises for the year 1932, with interest and penalties, the period of redemption would be extended so as to expire at the expiration of two years from the date of the judgment. The statutory period of one year from the judgment expired October 23, 1934, and it appearing that defendants had failed to pay the taxes for 1932, or any part thereof, plaintiff served upon defendants a notice of application to fix the time and place of sale. Thereupon the defendants Wutschel made and filed a petition under sec. 278.106, Stats. 1933, for the purpose of securing an additional year within which to redeem. Upon the hearing held December 28, 1934, it appeared that the amount outstanding under the foreclosure judgment was $34,842.93; that the taxes were unpaid for the years 1932 to 1934, both inclusive, amounting to approximately $6,914.98, excluding interest; that the defendants Wutschel failed to pay the fire insurance premiums on the premises, which plaintiff was required to advance; that the second mortgage indebtedness held by

plaintiff amounted to approximately $7,000, making the total indebtedness at the time of the hearing, $49,052.91. The premises cost $77,586, and were assessed for taxation in 1934 at $55,900. The record further shows that after judgment was entered in this action, the defendants Wutschel received a monthly rental of $125 from tenants in the mortgaged premises, but that no part of this was devoted to taxes, interest, or insurance. The records of the business of the defendant Wutschel indicate that the gross income of the business, including money received from tenants, was approximately the same as the expenses during that period, not including taxes and interest.

Plaintiff contends: (1) That the court was without power to grant the extension except upon condition that all taxes be paid or that all interest be paid; (2) that assuming this contention to be rejected, the court abused its discretion in granting the extension. Plaintiff's first contention involves the proper construction of sec. 278.106, Stats. 1933. This section reads as follows:

"(2) (a) . . . The mortgagor . . . may be granted the benefits of an emergency extension of the period of redemption, but not to exceed three years in all, nor for a longer period than one year at any one time.

"(b) In his application for such extension the party making the same shall set forth in a verified petition his economic condition, circumstances and earnings for the previous year. The extension may be granted by the court where the applicant shall pay during the period for which the extension is made the taxes, or interest, or both, in the discretion of the court."

In *Foelske v. Stockhausen,* 215 Wis. 104, 254 N. W. 349, this court, speaking through Mr. Justice FAIRCHILD, said:

"It will be noted that the court is given discretion with respect to two particulars: First, whether the circumstances are such as to entitle the applicant in any event to an extension; second, whether the condition upon which the extension

shall be granted shall be the payment by the applicant of the taxes, or interest, or both."

Under the doctrine of this case the trial court may exercise his discretion as to whether he shall require the applicant to pay the taxes, or interest, or both, but the discharge of one or the other of these obligations must be exacted as a condition to relief. The question arises whether the condition to the extension is the payment of *all* taxes due and to become due, or whether payment of the taxes current during the period of extension satisfies the statute. It is plain to us that the statute requires payment of all the taxes or all the interest as minimum conditions. The statute does not provide that the extension may be granted if the taxes or interest accruing during the period for which the extension is made shall be paid, but requires that the applicant shall *pay* during the period for which the extension is made the taxes, or interest, or both, in the discretion of the court. In addition to what appears to us to be the plain requirements of the statute, it is evident that any other construction might raise serious constitutional questions respecting the validity of the law, under the doctrine of *Home Building & Loan Asso. v. Blaisdell*, 290 U. S. 398, 54 Sup. Ct. 231, which requires, as an element of reasonableness in such emergency moratoria, provisions taking proper account of the rights of the mortgagee. The situation here presented is peculiarly illustrative of the principle announced by the *Blaisdell Case*. The property covered by this mortgage, even after the occupation of most of it by the business of the mortgagor, produced an income of approximately $1,500 a year, no part of which was applied to the payment of taxes for 1932 and 1933. These rentals were added to the business income of the mortgagor, and when the expenses of that business, excluding taxes and interest, exceeded the total business income, it was not only claimed that a legitimate reason for waiving the nonpayment of taxes in 1932 and 1933 existed, but that the necessitous

condition of the mortgagor thus disclosed, warrants an extension upon the agreement that the 1934 taxes be paid. During all this time the mortgagee had the alternative of losing the property through the acquisition of tax titles by other persons, or making a further investment by paying the back taxes, and this in the face of the fact that the property is actually producing revenue nearly sufficient to meet the taxes. Surely it would be difficult to say that the law so construed could be said properly to take account of the rights of the mortgagee, or to come within the doctrine of the *Blaisdell Case*. Further than this, the alternative construction of the statute is not that suggested by defendants. If the law were to be construed to require payment only of taxes accruing during the extension period, the period referred to would be the entire period during which sale was deferred. The court could not, even upon this construction, after default in meeting the conditions under which a first extension was granted, give further extensions, except upon condition that the default be repaired.

We are also of the opinion that, assuming the law to have the meaning claimed for it by defendants, the extension here granted constituted an abuse of discretion. The default in paying the 1932 and 1933 taxes, or any part of them, when income was derived from the property sufficient at least to meet a part of them, could not be the foundation of further leniency to defendants, or hope for future compliance, if protection of the legitimate interests of the mortgagee is to be given proper consideration.

It follows that the order must be reversed.

*By the Court.*—Order reversed, and cause remanded with directions for further proceedings in accordance with this opinion.