Marwalt Realty Company, Respondent, vs. Greene and another, Appellants.

*January 12—February 9, 1937.*

For the appellants there was a brief by *Rix, Barney & Kuelthau,* attorneys, and *G. Carl Kuelthau* of counsel, all of Milwaukee, and oral argument by *G. Carl Kuelthau.*

For the respondent there was a brief by *Lines, Spooner & Quarles,* and oral argument by *James T. Guy,* all of Milwaukee.

FOWLER, J.  The appeal is from an order of the circuit court imposing as a condition of a one-year extension of time

for redemption under mortgage foreclosure that the mortgagors applying for that extension pay interest on the judgment for one year, the taxes of the current year, and the unpaid taxes for the preceding year.

The respondent contends that a party cannot appeal from an order granting its own motion, and cites in support of its contention *Treat v. Hiles,* 75 Wis. 265, 44 N. W. 1088, and *Larson v. Hanson,* 207 Wis. 485, 242 N. W. 184. The appellants in their brief make no response to this contention.

The form of the appeal is "from the whole of the order." The two cases cited by respondent on this point were appeals from orders entered after verdict in jury actions. In the former, the plaintiff moved for correction of a verdict and judgment on it as corrected, or in the alternative, for a new trial on the question of damages only. The latter alternative motion was granted, and the movant appealed. In the latter case, the motions were, in the alternative, for correction of the verdict and motion on it as corrected; for judgment notwithstanding the verdict; or for a new trial. The alternative motion for a new trial was granted. The movant appealed. In both cases the ruling was that as the movant had received one of the forms of relief that he had asked for he could not be heard to complain. This rule applies to the instant case, for the form of the appellants' motion, as set forth in their affidavit on which an order to show cause was made, was for an order "fixing the amount to be paid by defendant toward and on taxes, interest, and indebtedness as a condition to extending the period of redemption," and "requiring the plaintiff to show cause why the period of redemption . . . should not be extended for such period of time as the court may deem just and reasonable, upon such terms and conditions as the court may fix and determine."

After the court had first referred the matter to the county mediation board and received its recommendation, which the plaintiff had refused to accept, the final order on the motion

was that the period of redemption be extended one year on condition that the defendant mortgagors pay one year's interest on the judgment and the taxes for 1934 and 1935. Prior taxes to the amount of $1,122.19 had been paid by the plaintiff and incorporated in the judgment. The taxes for 1934 and 1935 required to be paid as condition of extension amounted to $452. The property was vacant residential property, assessed at $5,750, appraised by the mediation board at $14,040, valued by defendants at $14,000, and by two other witnesses at $12,000 and $9,720, respectively. Presumably, and on the face of the figures stated, the defendants got precisely what their application called for, an extension "for such period of time as the court may deem just and reasonable upon such terms and conditions as the court may fix and determine."

The appellants' contention on the merits is that the only taxes that can be required to be paid as condition of redemption under the statute providing for extension applicable to nonhome property, sec. 281.22 (2), Stats. 1935, are the taxes for the current year, 1935, because the land had been sold for the taxes of 1934, and sale of land for taxes has been held to constitute payment of them under prior decisions of the court.

The cases cited as holding that sale of land for taxes constitutes payment of them are *Lindsay v. Fay,* 28 Wis. 177, and *Pereles v. Milwaukee,* 213 Wis. 232, 251 N. W. 255. These cases involved the meaning of the term "payment of taxes" under certain situations, and it was held that under those situations sale of land for delinquent taxes operated as a payment of the taxes. In *Banking Comm. v. Wutschel,* 219 Wis. 332, 263 N. W. 182, payment of taxes under sec. 278.106, Stats. 1933, providing for extension of the period of redemption in cases of mortgage foreclosure upon paying "taxes, or interest, or both," required the payment of taxes not only of the current year, but the unpaid taxes of previous years not incorporated in the judgment. Taxes had not been paid by

the mortgagor during the years 1932 to 1934, inclusive, although the land had necessarily been sold for the taxes of 1932 and 1933 prior to the entry of the order for extension. The court held that the statute required the applicant for extension to pay "all the taxes [stated], or all the interest, as minimum conditions." From the opinion in the three cases cited it is manifest that the expression "payment of taxes" may mean one thing under one situation and another thing under another. We see no reason for giving a different meaning under the statute here involved from that given it in the *Wutschel Case* under the statute there involved. Both statutes refer to the same matter,—the extension of the period of redemption in mortgage foreclosure cases and the conditions upon which extension may be granted.

Counsel for appellants urge that the ruling in the *Wutschel Case* is not controlling herein because the meaning given to the statute by the decisions and authorities cited in their brief herein were not called to the attention of the court in that case, and the contention was not made therein that the taxes of 1932 and 1933 were paid by the sale of the land for the taxes of those years. We consider that the interpretation of the statute involved in the *Wutschel Case* was correct. A mortgagor is obliged under the terms of his mortgage to pay the taxes on the mortgaged land involved. The statute, sec. 278.106, Stats. 1933, intended to require the mortgagor to fulfil that obligation as one of the minimum conditions of extension. The only way he could fulfil that obligation as to land sold for taxes, was to redeem from the tax sales or pay the amount necessary for redemption. Buying outstanding tax certificates or redeeming from tax sale by a mortgagee is construed as a *payment of taxes* by him to the amount of the money paid and gives him right of recovery therefor under his mortgage. *Hackett v. Van Dusen,* 132 Wis. 204, 111 N. W. 1097. With like reason, redemption from tax sale or buying an outstanding tax sale certificate by a mortgagor

operates as *payment of the taxes* by the mortgagor as between him and the mortgagee. A mortgagor can no more release himself from the obligation under his mortgage to pay taxes by permitting the land to be sold for taxes, than the mortgagee by buying tax sale certificates can operate to the prejudice of his mortgagor by taking a tax deed and acquiring the land thereon. The rights of either respecting taxes are referable to the mortgage. The mortgagors in the instant case, as the record shows, obligated themselves by the mortgage to pay all taxes on the mortgaged land. The statute involved contemplates protecting the rights of the mortgagee under the mortgage, as well as protecting the mortgagor by securing him a right to extension of the period of redemption. Unless the mortgagee's rights were so protected the statute would be unconstitutional under *Home Bldg. & Loan Asso. v. Blaisdell,* 290 U. S. 398, 54 Sup. Ct. 231; *Wutschel Case, supra,* p. 335. The statute presumably fixes the condition that the legislature considered proper for the protection of the mortgagor's rights under the mortgage, and that condition is that he pay interest and all taxes that he has not theretofore paid in the only way left to him to fulfil his obligation under the mortgage.

It is contended that it was not the intention of the legislature in enacting the 1935 statute to impose upon the mortgagors "burdens" in addition to those imposed by the 1933 statute which the 1935 statute repealed. Upon this hypothesis it is argued, in effect, that as the 1933 statute imposed upon the mortgagor "the burden" of paying "taxes, or interest, or both" as a condition of extension, and the 1935 statute purports to impose the "burden" of payment of "taxes *and* interest," the latter statute does not mean what it says. With this we cannot agree. The language of the statute is plain, and we must give it the meaning it plainly carries.

Appellants further contend that their right to extension is governed by the 1933 statute instead of the statute of 1935

because, although the 1933 statute was repealed in 1935, the judgment herein was entered while the 1933 statute was still in force, and their rights under the 1933 statute are preserved because not expressly abrogated by the repealing statute. They make this claim under sec. 370.04, Stats., the heading of which is "Actions pending not defeated by repeal of statute." However it might otherwise be, this contention is untenable because the 1933 statute, sec. 278.106, which contained the provision for extension relied upon, expired by its own terms on March 1, 1935. Its purported repeal on August 2, 1935, by ch. 319, Laws of 1935, did not revive it. It was not in force when the application for extension was made herein on February 14, 1936.

*By the Court.*—The order of the circuit court is affirmed.