THE EQUITABLE LIFE ASSURANCE. SOCIETY OF THE UNITED STATES, Appellant, v. PENDAR, et al, Respondents.

(274 N. W. 553)

(File No. 8069.   Opinion filed June 30, 1937)

See, also, 65 S. D. 129, 272 N. W. 176.

*Boyce, Warren & Fairbank,* of Sioux Falls, for Appellant.
*T. R. Johnson,* of Sioux Falls, for Respondents.

RUDOLPH, P. J.   This appeal involves a construction of chapter 207, Laws of 1937.  The question of the effective date of the law was disposed of in the case of Culhane v. Equitable Life Assurance Society, 65 S. D. 337, 274 N. W. 315.

So far as here material the law under consideration is as follows:

"Section 2.   Where any mortgage upon real property has been foreclosed, either by action or advertisement, and the period of redemption has not yet expired or has been extended by an order of the Court having jurisdiction in the premises where a sale is hereafter had on foreclosure proceedings now pending or which may hereafter be instituted prior to the expiration of two years from and after the effective date of this Act, or where real property has been sold under execution and the period of redemption has not yet expired or has been extended by an order of the court having jurisdiction in the premises, or where such sale is made hereafter based on proceedings now pending or hereafter instituted prior to the expiration of two years from and after the effective date of this Act, the normal period of redemption may be extended for such additional time as the court may deem just but in no event beyond March 1, 1939, on compliance with the terms and conditions hereinafter set forth.

"Section 3.   To avail himself of the benefits of this Act, the mortgagor or judgment debtor or their respective assigns, executors, administrators, guardians or successors in interest or owner in possession of the premises involved, shall prior to the expiration of the normal period of redemption, or extension thereof as ordered by a court having jurisdiction in the premises file with the Circuit Court having jurisdiction thereof a verified petition setting forth the essential facts and asking the Court to make an order (1) determining the reasonable value of the income of said property, or if the property has no income, then the reasonable rental value of the property (2) requiring the petitioner to pay all or a reasonable part of such income or rental value toward the insurance, taxes, interest and principal of the mortgage or judgment indebtedness and providing the time and manner of making such pay-

ments, and, (3) making such provisions as to the Court may seem just and equitable to safeguard the premises against waste, deterioration and mismanagement during the extended period of redemption.

"Section 4. Upon the filing of the petition aforesaid the Circuit Court having jurisdiction thereof shall immediately set the petition for hearing and shall, by notice of hearing or order to show cause, give the mortgagee or judgment creditor or if any assignment of the Certificate of Sale appears of record, then the present holder of the Certificate of Sale at least ten days notice of the time, place and object of said hearing, which notice of hearing or order to show cause may be served in the same manner as a summons in civil actions or may be served on the attorney appearing of record in the foreclosure or execution sale proceedings; provided that from and after the filing of the petition the running of the period of redemption shall be tolled until the Court has had opportunity to make and enter the order prayed for.

"Section 5. In all hearings had hereunder the Court shall disregard technical forms of pleading and practice; shall receive oral evidence touching the issues involved and may, if deemed advisable, view the premises and shall within five days after the conclusion of the hearing file its order (1) determining the reasonable value of the income of said property or if the property has no income then the reasonable rental value of the property, (2) requiring the petitioner to pay all or a reasonable part of such income or rental value towards the insurance, taxes, interest and principal of the mortgage or judgment indebtedness and the time and manner of making such payments, (3) making such provisions as to the Court may seem just and equitable to safeguard the premises against waste, deterioration and mismanagement during the extended period of redemption and (4) extending the period of redemption for such additional time as the Court deem just but in no event beyond March 1, 1939, and postponing the issuance of Sheriff's Deed until then.

"Section 6. The Court in all cases reserves jurisdiction to alter, modify or entirely revoke the order made upon proper application being made and notice given where evidence is introduced establishing that the terms fixed by the Court are no longer just

or reasonable or that the petitioner or his successor in interest has defaulted in the terms and conditions of the order relative to the payments to be made, or has violated other conditions of the order, or upon a showing of other changed conditions."

Upon the application of the mortgagor the period of redemption after mortgage foreclosure sale was extended to March 1, 1938. The mortgagee has appealed.

■■ At the hearing on the application before the circuit court oral evidence was presented. Under the terms of the statute the court "shall receive oral evidence touching the issues involved." The statute requires no findings of fact to be made by the court. This court will, therefore, if it becomes necessary to review the evidence adduced at the hearing, give to the evidence its most favorable construction viewed in the light of the court's order.

The evidence discloses that the mortgagor now resides in New York and has never occupied the mortgaged land as a home. The land is situated in Minnehaha county, and consists of a quarter section with about three and one-half acres out for railroad right of way. The original mortgage was for $8,000. At the time of foreclosure there was due, in addition to the principal, the sum of $2,248 delinquent interest. At the foreclosure sale the land was bid in by the mortgagee for the sum of $10,427.04, which was the full amount due upon the mortgage and the accrued costs. Sheriff's certificate was issued on July 16, 1935. Prior to July 16, 1936, time within which redemption might be made was extended until March 1, 1937, under the provisions of chapter 178, Laws of 1935. During the period of redemption as extended, the amount required to redeem increased over $1,100, which amount totaled on March 1, 1937, the sum of $11,578. The evidence of the mortgagor disclosed that the land at the present time is worth approximately $8,000. The evidence of the mortgagee is to the effect that the land exclusive of buildings is worth $8,000 and that the buildings are worth $700. At the time of the hearing the buildings were unoccupied, and the tenant to whom the premises were rented for the year 1936 did not "live on the land." The evidence of both the mortgagor and the mortgagee disclosed that the soil of the mortgaged premises is "not the best producing soil" and is of a gumbo type. The land is cut by a draw which starts

at the southwest corner and runs into the land about 40 rods. The court determined that the mortgagor should pay the mortgagee the sum of $500 as annual cash rental or in lieu thereof two-fifths of the crops grown and $3 an acre for hay and pasture land; the payments to apply, first, upon any insurance premiums that may have been advanced by said mortgagee, second, to the repayment of any taxes that may have been advanced, and, third, to be applied upon interest and principal due, with the further provision that, if the mortgagor failed to pay the rent, then upon application and proof the extended period of redemption would be set aside. Other minor conditions were inserted in the order which are not here material.

██ The question here presented is the propriety of the court's order in view of the facts disclosed on the hearing. We believe it clear from a reading of the act that the filing of a petition setting forth the foreclosure of the mortgage together with the fact that the redemption period is about to expire and the proof of these facts at the hearing do not require that the circuit court extend the redemption period. The essentials of the procedure are to be found in section 2 of the act, wherein it is provided that "the normal period of redemption may be extended for such additional time as the court may deem just." Clearly it would appear that the act vests a discretion in the trial court. This discretion is, of course, a judicial discretion and must be exercised in the light of the purposes and objects of the act. The legislation is not for the mere advantage of any particular individual but for the protection of basic interests of society. Home Building & Loan Ass'n v. Blaisdell, 290 U. S. 398, 54 S. Ct. 231, 78 L. Ed. 413, 88 A. L. R. 1481. Courts generally, under similar statutes, in the varying fact situations involved, have attempted to balance on equitable principles the rights of the mortgagor and mortgagee, and have kept in mind the thought that the rights of the mortgagee were dependent upon his contract, while those of the mortgagor were dependent upon the public interest during a time of emergency. A good statement is found in the Michigan case of Virginian Joint Stock Land Bank v. Hudson, 266 Mich. 644, 254 N. W. 234, 236, wherein the Michigan court said:

"In applying the moratorium statute, the court has no greater

right or authority, by construction or administration, to extend the relief beyond constitutional limits, than has the Legislature by enactment of the law. The court at all times must keep in mind that the mortgagee is entitled to the full benefit of his contract, including the remedies for its enforcement, and that his right thereto may not be impaired constitutionally except in such measure as the public interests require relief to the mortgagor. It must also be remembered that the law is not a blanket moratorium. It commits the remedy to courts of equity in order that the particular circumstances of each particular case shall be weighed to determine the reasonable relief appropriate to the person as well as consistent with the emergency." .

See, also, Federal Land Bank of Omaha v. Wilmarth, 218 Iowa, 339, 252 N. W. 507, 94 A. L. R. 1338; Reed v. Snow, 218 Iowa, 1165, 254 N. W. 800; Butenschoen v. Frye, 219 Iowa 570, 258 N. W. 769; Connecticut Gen. Life Ins. Co. v. Roth, 218 Iowa 251, 254 N. W. 918; John Hancock Mut. Life Ins. Co. v. Schlosser (Iowa) 269 N. W. 435, 436; Young v. Penn Mutual Life Ins. Co., 192 Minn. 446, 256 N. W. 906; Butts v. Tellett, 194 Minn. 243, 260 N. W. 308; Nordmarken v. Ekeran, 194 Minn. 389, 260 N. W. 628; First Nat. Bank of Shakopee v. Hammill, 195 Minn. 185, 262 N. W. 160; Erickson v. Hansen, 129 Neb. 806, 263 N. W. 132; Security Mutual Life Ins. Co. v. Herpolsheimer Bldg. Co. (Neb.) 271 N. W. 343; Lincoln National Life Ins. Co. v. Richards (Neb.) 271 N. W. 794; Foelske v. Stockhausen, 215 Wis. 104, 254 N. W. 349; Banking Comm. of Wisconsin v. Wutschel, 219 Wis. 332, 263 N. W. 182.

In the present case the showing is that the present amount required to redeem exceeds the present value of the land approximately $4,000. During the regular period of redemption and the time granted under the 1935 law there was a net increase in the amount required to redeem of more than $1,100. At the time of the hearing, and for some time prior thereto at least, the buildings on the premises had been unoccupied and some of the buildings were in need of repair. The tenant to whom the premises were rented in 1936 testified that the mortgagor told him that "he had lost practically all of his property." This record discloses that there is no possibility of the mortgagor redeeming this land except

through an advance in land prices whereby this particular land would increase in price to such an extent that the mortgagor would have an equity therein. The only possibility of a redemption being made during the extended period would be an increase in the value of this land during the year of approximately one-half of its present value. We think this possibility entirely too conjectural upon which to predicate relief for this mortgagor, who is entitled to relief only to the extent that the public interest requires relief to mortgagors as a class. The Iowa Court in the case of John Hancock Mutual Life Ins. Co. v. Schlosser, supra, said:

"Of course, there is always a possibility of something happening. It is possible that a gold mine might be discovered on these premises, and there is about as much possibility of that happening, as that the premises may, within the period contemplated by the law, be sold for enough to clean up everything against it and let the plaintiff out whole. But that is such a remote contingency as not to justify the court in further delaying this case."

It is obvious that the nature of the remedy in applications brought under this statute is such that each set of facts must determine the rights of the parties. The set of facts with which we are here confronted appears to us to be as follows: First, the property is not occupied by the mortgagor as a home, or is the mortgagor and his family gaining a subsistence therefrom; second, a prior extension of the time in which to redeem has been granted under the 1935 law which has availed the mortgagor nothing and during which time the amount required to make redemption materially increased; third, the buildings on the mortgaged premises have been unoccupied and some at least are in need of repair; fourth, the present amount required to redeem exceeds the present value of the land by approximately one-half of that present value; fifth, there is no possibility of the mortgagor redeeming this land except through an advance in land prices whereby this particular land would increase in price to such an extent that the mortgagor would have an equity therein, which under present conditions is too conjectural and too remote to be considered as any present advantage to the mortgagor. While this court will only reverse the trial court when acting under this statute when we are convinced that the trial court has clearly abused the discretion vested in it, we are

constrained to hold that granting a further extension under the facts here presented is an abuse of that discretion. We are convinced that no basic interest of society (which the act seeks to protect) can or will be served by granting this mortgagor a further time in which to redeem.

The order appealed from is reversed.

POLLEY, ROBERTS, and SMITH, JJ., concur.

WARREN, J., not sitting.