BROWN and others, Trustees, Respondents, vs. LOEWENBACH and others, Appellants.

*May 24—September 14, 1937.*

For the appellants there were briefs by *McGovern, Curtis & Devos* of Milwaukee, and oral argument by *John J. Devos*.

For the respondents there was a brief by *Upham, Black, Russell & Richardson,* attorneys, and *Perry J. Stearns* of counsel, all of Milwaukee, and oral argument by *Mr. Stearns.*

The following opinion was filed June 21, 1937:

FAIRCHILD, J. The motions to dismiss the appeal because the order is not appealable and because the order appealed from is moot by lapse of time are denied. The order is—

"A final order affecting a substantial right made . . . in an action after judgment." Sec. 274.33 (2), Stats.

Its appealability was recognized in *Marwalt Realty Co. v. Greene,* 224 Wis. 1, 271 N. W. 648; as to the point that the question is now moot, we consider the terms of the judgment prevent such a ruling because there is provision, if valid, for further application for similar relief.

Appellants contend that the judgment gave them a vested right under ch. 125, Laws of 1933 (sec. 278.106, Stats. 1933), to have an extension of the period of redemption under its terms. It is unnecessary to discuss the effect of sec. 281.22 (2), Stats. 1935, because assuming that the judgment is such as to include in it all the terms and provisions of ch. 125, Laws of 1933, still the order must be affirmed. The 1933 statute read:

". . . The extension may be granted by the court where the applicant shall pay during the period for which the extension is made the taxes, or interest, or both, in the discretion of the court."

In *Banking Comm. v. Wutschel,* 219 Wis. 332, 263 N. W. 182, this portion of the statute was construed to mean that the applicant must pay all the taxes, due and to become due, or all the interest, or both. Under the facts of this case, it would be an abuse of discretion to grant an extension upon payment of the interest and a small portion of the taxes, as requested by appellants. As appears from the statement of

facts, the unpaid taxes have accumulated, plus penalties, to upwards of $41,000. Delinquencies began in 1931, and more than $12,000 accrued during the pendency of the action. Any requirement which would compel the mortgagee to face the alternative of losing the property through the acquisition of tax titles by other persons, or making a further investment by paying the back taxes in order to protect himself, would, in this situation, be without legal sanction. *Banking Comm. v. Wutschel, supra.* In view of the existing situation, any ruling substantially different from that made by the trial court would be an abuse of discretion and would have to be reversed.

*By the Court.*—Order affirmed, and cause remanded for further proceedings according to law.

A motion for a rehearing was denied, without costs, on September 14, 1937.