LUND, Respondent, v. EGGLESTON, et al, Appellants

(279 N. W. 546)

(File No. 8102. Opinion filed May 6, 1938.)

*B. B. McClaskey,* of Huron, for Appellants.
*Churchill & Benson,* of Huron, for Respondent.

SMITH, J. This appeal is from that portion of an order made under chapter 207 of the Laws of 1937 extending the period of redemption, which permits the mortgagor-owner to continue to reside in an apartment within the mortgaged premises free of rent during such extended redemption period.

The real property involved is improved by an old two-story and basement business building located on one of the main business corners of Huron, S. D. At the time of the petition for extension, the building was under control of the court through a receiver appointed in connection with a previous order of extension. All of the building was rented except the particular apartment occupied by the mortgagor. The order continues the receivership and requires application of the rents "toward the payment of insurance, taxes, necessary repairs, and the principal and interest of the mortgage." The court fixed the rental value of the property occupied by the mortgagor-owner at twenty dollars per month, and found the equity of redemption to have a value of from three thousand

to five thousand dollars. The mortgage indebtedness exceeded twenty-three thousand dollars at the time of the hearing.

It is asserted by appellants that in permitting the mortgagor-owner to occupy a portion of the mortgaged premises rent free, under the circumstances, the learned trial court abused the discretion vested in it by chapter 207 of the Session Laws of 1937. In support of this contention it is said that to construe the act as authorizing the exercise of such a discretion by the court under the circumstances of this case would render the statute repugnant to the contract clause of the Federal Constitution, art. 10, § 1.

The intention of those who drafted the mortgage moratorium legislation from which our act was patterned has not been left in doubt. "The State of New York passed an 'Emergency Housing Act,' declaring the existence of an emergency and depriving landlords of the right to oust tenants who were willing to pay a 'reasonable' rental. Laws N. Y. 1920, cc. 942-947. In the 'Rent Law Cases, Marcus Brown Holding Co. v. Feldman, 256 U. S. 170, 41 S. Ct. 465, 65 L. Ed. 877, Levy Leasing Co. v. Siegel, 258 U. S. 242, 42 S. Ct. 289, 66 L. Ed. 595,' the Supreme Court held this statute constitutional, as a valid exercise of the police power of the State for the protection of the public interest, disposing of the contracts clause with the statement that 'contracts are made subject to this exercise of the power of the state when otherwise justified.' In view of all the foregoing, it was evident that the mere existence of an 'emergency' in Minnesota would not of itself validate mortgage relief and that, unless any statute passed could be brought within the rather narrow scope of the Rent Law cases, it was reasonably certain to be held unconstitutional." The Minnesota Mortgage Moratorium, by Professor William L. Prosser, 7 So. Calif. L. Rev., 353, 359. The success of their efforts has become history. Home Building & Loan Association v. Blaisdell et ux., 290 U. S. 398, 54 S. Ct. 231, 78 L. Ed. 413, 88 A. L. R. 1481.

█ It thus appears that construction of our act must proceed upon the assumption that the Legislature intended to provide the mortgagee with "reasonable" compensation for the postponement of his possession of the mortgaged property. We limit our thought to compensation for "postponement" of possession because it is obvious that the act does not attempt to make provision for compensation in case of redemption. In cases of that character the mort-

gagee receives full compensation through the payment of interest to date. By this act the Legislature sought to assure the mortgagee of reasonable compensation in cases where the mortgagor failed to redeem before the expiration of the extended period of redemption.

With this background we turn to the words of the statute. In section 5 the Legislature uses the following language: "The Court shall * * * file its order (1) determining the reasonable value of the income of said property or if the property has no income then the reasonable rental value of the property, (2) requiring the petitioner to pay all or a reasonable part of such income or rental value towards the insurance, taxes, interest and principal of the mortgage * * * indebtedness." We stand convinced that the Legislature reasoned from the premise that the "value of the income or rental" lost to the mortgagee during the period possession was denied him, constituted a "reasonable" compensation for thus excluding him from the property. However, the act does not require that all of the income or rental value be paid in every case. The court is required to determine whether, under the circumstances of the particular case, all or part of the rental or income equivalent of possession shall be paid. What circumstance or circumstances must be established to justify a court in ordering the payment of less than all of the rental equivalent to the mortgagee?

In view of the purpose which prompted these provisions for the benefit of the mortgagee, there can be little uncertainty about the correct answer to the foregoing inquiry. As we have indicated, the Legislature was aware of the fact that "reasonable compensation" was essential to validity. Provision for payment of less than a reasonable compensation would have been as fatal to validity as to have omitted any provision for compensation. It had determined that the money value of that which it was taking from the mortgagee, namely, possession, would constitute a "reasonable" compensation. These considerations command the conclusion that the Legislature intended that the full value of the possession should be received by the mortgagee in every case, from one source or another, and that warrant for an order directing the payment of less than all of the income or rental value could therefore only be found in a showing that the mortgagee had received, or would

thereafter receive, the remainder of such value from some source other than through a direct payment of the rental or income.

With these conclusions in mind, we turn to the record.

■ The trial court made certain findings of fact. By section 9 of the act it is provided: "Either party aggrieved by the order of the Circuit Court may appeal therefrom to the Supreme Court within twenty (20) days after the filing of such order, by giving notice of appeal as in other cases and filing an undertaking to cover costs on appeal in the sum of Two Hundred ($200.00) Dollars, but such appeal shall not stay the order of the Circuit Court pending the determination of such appeal. No motion for a new trial shall be necessary but the appeal shall bring up the entire record for review by the Supreme Court." Therefore, agreeable to the rule announced in Equitable Life Assurance Society v. Pendar et al., 65 S. D. 376, 274 N. W. 553, we are required to look behind the findings of the trial court and consider the sufficiency of the evidence.

■ The trial court determined that the apartment occupied by the mortgagor had a rental value of $20 a month. As heretofore indicated, however, the order did not direct payment of either the "income or rental value" of this particular part of the premises. Doubtless the trial court was influenced in so framing its order because it was of the view that the mortgagee would be enriched to the extent of the value of the equity of redemption in case no redemption was made. The finding of the court fixed the value of the property as to from three to five thousand dollars more than the mortgage indebtedness. A careful review of the evidence, however, fails to bring to light any evidence supporting such a finding. Whether a clear showing that the value of the property exceeded the mortgage indebtedness would have warranted an order directing the payment of less than the income or rental value during the extended period need not be decided. The evidence being insufficient to establish the receipt by the mortgagee of the income or rental value of the apartment occupied by the mortgagor, the court erred in entering that portion of its order challenged by this appeal.

■ It is also said by appellants that the evidence does not support the finding or determination of the trial court dealing with the rental value of the apartment occupied by the mortgagor. This

challenge is based upon the fact that the petitioner testified that this apartment had a rental value of $25 a month. In view of this admission, and the character of other evidence in the record, we are convinced that the evidence will not support the finding of a value of less than $25 a month. True, the evidence does disclose that petitioner is discharging the expense of lighting and cleaning the stair and hallway leading to the apartments on the second floor. While this sort of evidence might justify an order directing the payment of less than the rental value to the receiver, it cannot justify a finding of a value below that admitted by the mortgagor.

The proceeding is remanded to the trial court, with directions to modify its order in accordance with the views expressed in this opinion, and the order, as so modified, is hereby affirmed. No costs will be taxed in this court.

All the Judges concur.